WILLIAM HALL

*v.*

LLEWELLYN MARKS.

1. CONSTITUTION —*judicial power.* Article second of our constitution has divided the powers of government and vested them in three separate and distinct bodies of magistracy, and prohibited each, as persons belonging to either, from exercising any of the powers confided to another.

2. JUDGMENT —*judicial act.* The rendition of a judgment is a judicial and not a ministerial act; and a law authorizing a clerk, who is only a ministerial officer, to render a judgment by default in vacation, is repugnant to the constitution, and such a judgment is unauthorized and void.

WRIT OF ERROR to the Circuit Court of De Kalb county; the Hon. THEODORE D. MURPHY, Judge, presiding.

This was an action of assumpsit commenced in the De Kalb Circuit Court by Llewellyn Marks against William Hall, in

vacation, after the February Term, 1863. The declaration contained a count on a promissory note and the common counts, and was filed in the office of the clerk of the Circuit Court on the 20th day of August, 1863. A summons was issued on that date to the sheriff, summoning defendant to appear and answer the declaration, but fixing no time; and also notifying him that if he failed to appear and plead, or otherwise answer the declaration, within twenty days from that date, a judgment by default would be entered against him.

The sheriff returned that he had served the summons by reading it to the defendant, and had also delivered to him a certified copy of the declaration on the 25th day of August, 1863. The defendant having failed to plead or demur to the declaration, the clerk, on the 10th day of the following September, entered a judgment by default, and assessed the plaintiff's damages at two hundred and forty-nine dollars, rendered a final judgment thereon, and awarded execution.

Afterwards, on the 15th day of September, 1863, during the September term of the Circuit Court, defendant entered a motion to set aside and vacate the judgment by default, which motion was overruled by the court. To reverse that decision the defendant below prosecutes this writ of error.

The question is presented by this record, whether the third and seventh sections of the act of 1857, regulating the practice in the thirteenth judicial circuit, contravenes the constitution of Illinois.

Mr. B. F. Parks, for the plaintiff in error:

I insist that the judgment being rendered in vacation, not by confession but by summons, and then allowing the clerk to do a judicial act, is a clear violation of the constitution. To render a judgment is a judicial act. The clerk has to pass upon the fact of service of process, the computation of the amount, &c. To render a judgment is not a ministerial act.

The constitution says the judicial power of this State shall be and is hereby vested in one Supreme Court, in Circuit Courts, in County Courts, and in justices of the peace, pro-

vided, &c. Art. 5, sec. 1. A court is defined to be a tribunal for the administration of justice. And in every court there must be at least three constituent parts — the actor, or plaintiff, who complains of an injury done; the *reus*, or defendant, who is called upon to make satisfaction for it, and the judex, or judicial power, which is to examine the truth of the fact, to determine the law arising upon that fact, and if any injury appears to have been done, to ascertain, and by its *officers*, to apply the remedy. Wheaton's Law Dict. p. 193. The constitution also declares what a Circuit Court is (art. 5, sec. 8). It says two or more terms of the Circuit Court shall be held in each county each year. It confers, in the first place, judicial power upon the Circuit Court, and then says that two or more terms of that court shall be held in each county each year. In order to constitute a Circuit Court there must be a judge, and even he can exercise judicial powers only in term time. When this judgment was rendered no court was in session; no judge, only a clerk, was present. It was not done at one of the two or more terms of the Circuit Court which the constitution says must be held in each county each year, but was done when that court was not in session. It was done by a clerk, a ministerial officer, and not a judicial officer. It is not like the case of a confession by warrant of attorney in vacation. This court has held that that was a record made by consent. This is getting a party before a judicial tribunal and by a judicial act rendering a judgment. The clerk says, "It is therefore considered that the plaintiffs have and recover, &c." Now, the constitution says the court shall do that, not the clerk.

But this whole question has been substantially passed upon by this court. *The People of the State of Illinois on relation of, &c. v. Horace R. Maynard, Mayor of the city of Rockford,* 14 Ill. 419.

Messrs. GLOVER, COOK AND CAMPBELL, for the defendant in error:

1. The only question in this case is whether the 3d and 7th

sections of the act in relation to practice in the 13th circuit, approved Feb. 16, 1857, is unconstitutional.

These sections provide, in effect, that when a suit is brought upon an instrument in writing for the payment of money only, a copy of the declaration may be served with the summons, and also a notice to the defendant that unless he shall appear and plead in 20 days, judgment will be rendered against him for the amount appearing to be due by the written instrument; and after such service, unless the defendant did appear and plead or demur within 20 days, judgment might be rendered against him in vacation. The statute also provides, that defendant, if he pleads, shall file an affidavit of merits with his plea.

It is said by appellant, in his argument, that there is a difference between rendering a judgment by confession and rendering a judgment in a case where a summons; that one can be done only by a court in term time, and the other by a clerk in vacation; but as it is but the entering of a judgment upon the record, in either case we can not see the distinction.

This court has repeatedly decided that the entering of judgments in the Cook County Circuit Court, at vacation terms, is constitutional. *McCormick* v. *Olwell*, 17 Ill. 375.

The court has also decided, that the law authorizing the entry of judgments in Circuit Court, in vacation, was constitutional. *Roundy* v. *Hunt*, 24 Ill. 601.

2. If there was any error in the papers upon which the judgment was entered, if they were in any way insufficient, then the court was bound to set aside the judgment. If the papers were all right, as in this case, then the application to set aside the judgment to allow the defendant to plead was addressed to the sound discretion of the court, and it must be a gross and flagrant abuse of that discretion that will warrant the interposition or revision of this court. *Greenleaf* v. *Reed*, 17 Ill. 474.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the court:

The constitutionality of the sixth and seventh sections of the act regulating the practice in the thirteenth judicial circuit is questioned by the assignment of errors upon this record. Those sections declare that when suit is brought upon a written instrument, only for the payment of money, a copy of the declaration may be served with the summons, and a notice to the defendant, that unless he shall appear and plead within twenty days, a judgment will be rendered against him for the amount that is due on the instrument. And if the defendant, after such service, shall fail to appear and plead within that time, judgment may be rendered against him in vacation. If he shall appear and plead, he is required to file an affidavit of merits with his plea.

The second article of our constitution declares that the powers of the government shall be divided into three distinct departments, and each of them confided to a separate body of magistracy, to wit, those which are legislative to one; those which are executive to another; and those which are judicial to another. And the second section of the same article declares that, "No person or collection of persons, being of one of these departments, shall exercise any power properly belonging to either of the others, except as hereinafter expressly directed or permitted, and all acts in contravention of this section shall be void." The power to adjudge, determine and render a judgment is beyond all question a judicial act, and under this provision can only be done by judicial authority. It belongs to that department, and if exercised by either of the other departments this provision declares the act void. The rendition of a judgment by default and the assessment of damages is manifestly judicial. Before a default is entered it must be judicially determined that a sufficient summons had issued and legal service has been had upon the defendant, and the assessment of damages belong to the judicial and not the ministerial department of the court. It must be done by a jury under the direction of the judge, or at least their finding must be passed upon and approved by the court. The consideration of the facts, and the application of the law

to those facts, and the conclusion deduced by the court from the law and the facts constitute a judgment. The power to announce and have enforced this conclusion has been confided exclusively to the judiciary of our State government.

The constitution has conferred this power, as we have seen, upon the judicial department, and has only authorized the officers composing that department to exercise the power. That instrument has designated the judges and magistrates of the various courts it has created or authorized to be formed, as the officers authorized to exercise the judicial power of the State. They alone have the power to consider, determine and adjudge· of the sufficiency of process and its service, by which a party is brought into court, and in determining when he is properly before the court, and has failed to perform some legal duty or comply with some rule of court, and shall be adjudged to be in default. The court alone, through a proper ministerial officer, has the right to issue a writ of inquiry to assess damages on a judgment rendered on default. These all being judicial acts, they cannot be performed by a ministerial officer, as the constitution has confided the power alone to a judicial officer.

It would be a perversion of language to call a clerk of a court a judicial officer. He is attached to the judicial department, but is only a ministerial officer of a court. He is only the instrument the law has designated, for convenience and the dispatch of business, to record the determination and sentence of the court. Every order or judgment he can lawfully enter, is the judicial sentence of the court. He possesses no power or jurisdiction to render a judgment, but only to enter it under the express or implied order of the judge, in the exercise of judicial power. The clerk, then, not belonging to the magistracy composing the judicial department, and the constitution neither having required nor permitted, but having prohibited, him from the exercise of such power, the general assembly cannot confer the power. The judgment of default rendered by him in vacation is, therefore, unauthorized and void. This provision of the practice act of the thirteenth circuit is repugnant to the constitution, and not only so, but is expressly prohibited.

This case is not similar to, nor does it depend upon the power of the clerk to record a judgment confessed in vacation. There it is done by express authority from the debtor, who enters his appearance and specifies the amount for which the judgment shall be entered, whilst under this act, the clerk is authorized to bring the party before him and to adjudge and determine the amount he owes the plaintiff, to render judgment, and award execution to enforce his sentence. But if the two cases depended upon the same principle and could not be distinguished, the judgment by default entered in vacation could not be sustained, and the other would be overruled, but we think that there is a clear and broad distinction. If this judgment may be sustained, we are at a loss to determine what judicial power, might not be rightfully conferred upon the clerks of our courts by legislative enactment. If he may rightfully render a judgment by default, assess the damages and enter final judgment, and award execution, we cannot perceive why the power may not be conferred to determine the sufficiency of the pleadings, compel the formation of issues, empannel juries to try issues of every description, render judgments, and, in a word, perform all the duties of a judge of the court. If this law were sustained where could we say that the judicial acts of the clerk should end? The judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*