(No. 32299.—

ABRAHAM AGRAN, Appellant, *vs.* CHECKER TAXI COMPANY, Appellee.

*Opinion filed March 20, 1952—Rehearing denied May 19, 1952.*

MÚRAL J. WINSTIN, and MATTHEW STEINBERG, both of Chicago, for appellant.

GOTTLIEB & SCHWARTZ, and JESMER & HARRIS, both of Chicago, (H. R. BEGLEY, of counsel,) for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

This case comes here on appeal from an order of the circuit court of Cook County denying plaintiff's motion to vacate its previous order dismissing the cause for want of prosecution. A constitutional question being raised, the cause is properly here for determination.

August 30, 1948, plaintiff, Abraham Agran, filed a complaint at law against the defendant, Checker Taxi Company, a corporation. Plaintiff asked damages for personal injuries sustained by reason of the negligent, careless and improper operation of defendant's taxicab on May 10, 1948, whereby plaintiff, a pedestrian, was struck and severely injured. The cause being called for trial on October 11, 1951, and the plaintiff failing to appear and prosecute his

suit, the court ordered that the suit be dismissed for want of prosecution at plaintiff's costs. On October 25, 1951, plaintiff filed a motion to vacate the order of October 11, 1951, for the reason that the court entered an *ex parte* order dismissing the cause without notice being given to plaintiff by the clerk of the court five days prior to October 11, 1951, that such action was contemplated to be taken by the court on October 11 or any other time, as required by the statute known as "An Act to amend Sections 48 and 50 of the 'Civil Practice Act,' as amended, * * * and to add Section 50a thereto." This statute provides, in section 50a, that no *ex parte* action shall be taken to dismiss a case for want of prosecution until every attorney of record has been notified at least five days by the clerk of the court that such action was contemplated on the date that such order was entered.

Thereafter, on November 1, 1951, defendant filed an answer to plaintiff's motion to vacate the order of dismissal, setting forth several objections to the constitutionality of the statute on which plaintiff relied as grounds for his motion to vacate. On November 2, 1951, the court entered its order denying the motion to vacate, declaring section 50a, added to the Civil Practice Act in 1951, to be unconstitutional and void for all the reasons assigned by the defendant.

It is fundamental, in order for the statute here invoked to be applicable, that this order of dismissal for want of prosecution must be an *ex parte* action. *City National Bank & Trust Co.* v. *Davis Hotel Corp.* 280 Ill. App. 247, defined an *ex parte* action as a judicial proceeding, order, injunction, etc., taken or granted at the instance and for the benefit of one party only and without notice to, or contest by, any person adversely interested. Certainly, this was an order entered in the absence of the plaintiff, but just as certainly the plaintiff was aware that the case was pending and had the duty to watch and appear when

it was called. It is difficult to precisely fit this action into the confines of the above definition. The negligence here can hardly be excused as a lack of notice. It is the usual procedure for courts to dismiss cases for want of prosecution where the plaintiff fails to appear.

It is argued forcibly that the legislature intended a broader definition of *"ex parte* action." That may well be. The definition above, while the most positive in form, is not the only one accepted, some being so broad as to include any relief granted without an opportunity for the person against whom relief is sought to be heard. (Restatement, Torts, p. 674.) The legislature here may have intended any action taken without specific notice to the negligent party affording an opportunity to be heard.

It being the duty of the courts to sustain legislation wherever possible and to resolve all doubts in favor of its validity, it is incumbent upon us to assume the legislature intended a broad meaning be assigned the phrase. We are thus brought to the real objections to the act.

Article III of the constitution of the State of Illinois provides: "The powers of the government of this state are divided into three distinct departments—the legislative, executive and judicial; and no person, or collection of persons, being one of these departments, shall exercise any power properly belonging to either of the others, except as hereinafter expressly directed or permitted." Defendant urges that section 50a of the Civil Practice Act violates this constitutional provision.

In dividing the powers of government in this State into three separate departments, article III is declaratory of a basic principle of constitutional law. Each of the three departments is to perform the duties assigned to it and no department may exercise the powers properly belonging to either of the other two. (*People ex rel. Bernat* v. *Bicek,* 405 Ill. 510.) Section 1 of article VI of the constitution vests the judicial power in the courts provided in or per-

mitted to be created by the constitution. While the constitution does not define what constitutes judicial power, it is an exclusive and exhaustive grant vesting all such power in the courts. (*People* v. *Bruner,* 343 Ill. 146; *People* v. *Callopy,* 358 Ill. 11.) If the power is judicial in its nature, it necessarily follows that the legislature is expressly prohibited from exercising it. *People* v. *Bruner,* 343 Ill. 146.

The statute here objected to is one wherein the General Assembly attempts to regulate the procedure of the courts in the administration of their judicial business. Prior to the adoption of the United States constitution, courts exercised complete power in the control of their own procedure. The courts promulgated rules of procedure as an attribute of their judicial powers. That system became modified in this country by the adoption of statutes, whereby the legislature usurped a part of this rule-making function. (Pound, Regulation of Judicial Procedure By Rules of Court, 10 Ill. Law Review, 163.) Whether this occurred by pure acquiescence on the part of the judiciary, or through co-ordinate power with the courts is undecided. This departure from the time-honored methods of rule making has not left the legislature without limitations in this field. The General Assembly has power to enact laws governing judicial practice only where they do not unduly infringe upon the inherent powers of the judiciary. (*People* v. *Callopy,* 358 Ill. 11.) Were this not true, a basic tenet of our democratic form of government would be destroyed, and the relevant constitutional provisions rendered nugatory. It is the undisputed duty of the court to protect its judicial powers from encroachment by legislative enactments, and thus preserve an independent judicial department.

Section 50a is a legislative attempt to place restrictions on the court in rendering a decision dismissing a suit for want of prosecution. It regulates, in intimate detail, the procedure of the court in executing its judicial business.

Once the court's jurisdiction has been properly invoked and it has entered upon the performance of its purely judicial duties, this legislative rule specifies the procedure to be followed by the court in promulgating its determination. The power to adjudge, determine and render a judgment is beyond all question a judicial act, and can only be employed by judicial authority. The rendition of a judgment by default has been held to be manifestly a judicial act. (*Hall* v. *Marks*, 34 Ill. 358.) The legislature cannot direct the judiciary how cases shall be decided. (*Otis Elevator Co.* v. *Industrial Com.* 302 Ill. 90.) It is evident that the rendition of judgments by the courts is one of the most important inherent judicial powers of the courts, and may not be surrounded by legislative rules regulating such determinations. (*State of Indiana ex rel. Kostas* v. *Johnson*, 224 Ind. 540.) The challenged statute regulates judicial authority in the performance of a purely judicial act.

Section 50a, being manifestly a rule fashioned by the General Assembly providing a restriction on the power of the courts to render a judgment of dismissal in such cases as this, is clearly unconstitutional. The promulgation of such rule infringes upon an inherent power of the judiciary, that of rendering decisions. By our constitution such inherent judicial powers are vested solely in the courts of this State, and any violation thereof is contrary to the express division of governmental powers into three distinct departments.

In view of the fact that we hold section 50a of the Civil Practice Act void and unconstitutional on the above assigned grounds, it is unnecessary to consider the numerous other objections to its constitutionality assigned by defendant. *People ex rel. Koch* v. *Rinaker*, 252 Ill. 266.

It is to be noted that substantially the same language requiring a five-day notice was added to sections 48 and 50 of the Civil Practice Act. While the instant case does not

arise under either of those sections, yet the basic principles of constitutional law applicable to section 50a would appear to apply with equal force to the amendments to sections 48 and 50.

Section 50a, being void and unconstitutional, can have no proper application here. Consequently, noncompliance with said statute is not a proper ground for reversing the order of dismissal rendered by the circuit court of Cook County, and that order and the order denying the motion to vacate are accordingly affirmed.

*Orders affirmed.*