(No. 59424▮

# THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. AMANDO NUNCIO FLORES, Appellant.

*Opinion filed October 19, 1984.*

SIMON, J., dissenting.

Daniel D. Yuhas, Deputy Defender, and Jeffrey D. Foust, Assistant Defender, of the Office of the State Appellate Defender, of Springfield, for appellant.

Neil F. Hartigan, Attorney General, of Springfield, and Edward J. Litak, State's Attorney, of Danville (Robert J. Biderman and Kevin T. McClain, of the State's Attorneys Appellate Service Commission, of Springfield, of counsel), for the People.

JUSTICE CLARK delivered the opinion of the court:

On December 15, 1977, defendant, Amado Nuncio Flores, was charged by information in the circuit court of Vermilion County with four counts of delivery of a controlled substance (Ill. Rev. Stat. 1975, ch. 56½, par. 1401) and one count of delivery of a substance represented to be a controlled substance (Ill. Rev. Stat. 1975, ch. 56½, par. 1404). A jury trial was commenced on Feb-

ruary 21, 1979. The defendant was present and represented by counsel. The State called four witnesses. The defense made a motion for a directed verdict on counts I and II, which was denied. There was then a jury instructions conference during which time defense counsel indicated the defendant was not going to testify. The court was adjourned for the day to reconvene at 9:30 a.m. on the next day, February 22, 1979. Before adjourning, the trial judge advised those present in the courtroom that the trial was recessed until 9:30 a.m. the next day for the jury, and 8:30 a.m. for counsel, because there might be some matters which needed to be taken up outside the presence of the jury.

On February 22, 1979, defense counsel and the assistant State's Attorney appeared at 8:30 a.m. At that time, the State announced that it intended to rest. Counsel for the defendant made a motion for a directed verdict which was argued and denied. Defense counsel stated that he did not intend to call the defendant or any other witnesses. At 9:30 a.m., the defendant did not appear. At 10:45 a.m., after the case had been called several times, the defendant had still not appeared. The State asked that the trial proceed in the defendant's absence on the basis of waiver. Defense counsel objected to proceeding based on the confrontation clauses of the Illinois and United States constitutions. The trial judge inquired as to whether defense counsel or anyone in his office had made an effort to locate the defendant. Defense counsel stated that the only phone number he had for the defendant had been disconnected. The trial judge continued the proceeding until 1 p.m. with the understanding that defense counsel would make an effort to locate the defendant. The trial judge offered to make transportation available to defense counsel through the sheriff's department so that it could be determined "if there [was] any responsible or legitimate cause why the defendant

had not appeared for trial." The trial judge then stated:

"I would advise you at this time that in the event the defendant has not appeared for the continuation of this trial, the Court will enter a finding of voluntary waiver after the commencement of proceedings and to proceed with the balance of the trial in the defendant's absence. \*\*\*

\* \* \*

\*\*\* We have here a trial that was begun on a Wednesday morning. The defendant absented himself on a Thursday morning. If the statute were to be followed, the Court would be required to delay further proceedings through Friday evening, which means that the next time this matter could be called would be Monday morning. There are two extremely important issues which would indicate this to be an unacceptable and inappropriate delay. In the first place, we have a jury that has been impaneled, that has heard apparently all of the State's case, and will have an opportunity to hear any defense witnesses called. To require their dismissal for a period of Thursday, Friday, Saturday, Sunday, would, in the opinion of the Court, serve neither the ends of justice nor the protection of the defendant. It would be a useless act which would merely complicate the problems which the defendant has brought upon himself. \*\*\*

\*\*\*

I am entering an additional finding in this case, therefore, not based upon the practicalities of the situation, but clearly and directly upon issues of Constitutional law, that that provision of Chapter 38, Section 115(4)(1) which indicates vaguely that the Court is required under statute to delay two successive court days before proceeding is an unconstitutional intrusion of the legislature into the trial authority and rulemaking authority of the courts \*\*\*."

At 1 p.m. the trial proceeded in the defendant's absence. The defense rested without presenting any evidence. Both the State and defense counsel gave closing arguments, and the jury was then given its instructions.

The jury found the defendant guilty of two counts of delivery of a controlled substance and one count of delivery of a substance represented to be a controlled substance.

On February 28, 1979, defense counsel filed a post-trial motion, alleging that the trial court had erred by proceeding with the trial in the defendant's absence and requesting discharge of the defendant or, in the alternative, a new trial. A hearing was not held on defendant's post-trial motion until May 23, 1983. Defendant was present at the hearing on May 23, 1983. The trial judge stated:

> "I then held as I hold now that the efforts of the legislature in this line are misguided, are an infringement on the authority of the courts under the separation of powers doctrine, and indicated the delineation of that portion of the statute which I felt to constitute such an unconstitutional infringement."

The trial judge denied the defendant's motion for post-trial relief, holding the matter is "best left to court interpretation and judgment in an individual case or Supreme Court rule." The cause came up again for a sentencing hearing on May 31, 1983. At that time, the State agreed with defense counsel that defendant's conviction for delivery of a substance represented to be a controlled substance had to be vacated because, subsequent to the return of the jury's verdict, the portion of the statute for that offense was declared unconstitutional. The trial judge vacated the defendant's conviction on the one count and called the matter for sentencing. The defendant was sentenced to two concurrent terms of 3 to 15 years' imprisonment to run consecutively with a sentence he was serving in Wisconsin. This appeal comes directly to this court under our Rule 603 (87 Ill. 2d R. 603), which provides for direct appeal to this court in a criminal case when a statute of this State has been held invalid.

The sole issue before this court is whether the trial court erred in holding as unconstitutional that portion of section 115—4.1 (Ill. Rev. Stat. 1977, ch. 38, par. 115—4.1) which provides:

"In any criminal trial, where a defendant after his trial commences willfully absents himself from court for a period of 2 successive court days, the court *shall* proceed with trial. ***" (Emphasis added.) Ill. Rev. Stat. 1977, ch. 38, par. 115—4.1.

The defendant contends that the circuit court erred in holding the statute unconstitutional and asserts that the statute does not violate the separation-of-powers clause of the Illinois Constitution of 1970 (Ill. Const. 1970, art. II, sec. 1). In *People v. Davis* (1982), 93 Ill. 2d 155, this court stated:

"Article II, section 1, of the Illinois Constitution of 1970 provides: 'The legislative, executive and judicial branches are separate. No branch shall exercise powers properly belonging to another.' The General Assembly has the power to enact laws governing judicial practice *only where they do not unduly infringe upon the inherent powers of the judiciary. (Strukoff v. Strukoff* (1979), 76 Ill. 2d 53, 59; *People v. Callopy* (1934), 358 Ill. 11.) Furthermore, it is the undisputed duty of the court to protect its judicial powers from encroachment by legislative enactments, and thus preserve an independent judicial department. *Agran v. Checker Taxi Co.* (1952), 412 Ill. 145, 149.

A statute should be interpreted so as to avoid a construction which would raise doubts as to its validity. (*Morton Grove Park District v. American National Bank & Trust Co.* (1980), 78 Ill. 2d 353, 363.) It is our duty to construe acts of the legislature so as to affirm their constitutionality and validity, if it can be reasonably done, and further if their construction is doubtful, the doubt will be decided in favor of the validity of the law challenged. *Continental Illinois National Bank & Trust Co. v. Illinois State Toll Highway Com.* (1969), 42 Ill. 2d 385, 389; *Illinois Crime Investigating Com. v. Buccieri* (1967),

36 Ill. 2d 556, 561." (Emphasis added.) 93 Ill. 2d 155, 161-62.

See also *People v. Taylor* (1984), 102 Ill. 2d 201, 207-09.

In *Davis*, this court held that two sections of a statute which provided that "[t]he sentencing judge in each felony conviction shall set forth his reasons for imposing the particular sentence he enters in the case" (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—1(b)), and "[i]n imposing a sentence for a felony, the trial judge shall specify on the record the particular evidence, information, factors in mitigation and aggravation or other reasons that led to his sentencing determination" (Ill. Rev. Stat. 1979, ch. 38, par. 1005—4—1(c)), were not unconstitutional because they were not mandatory. This court interpreted the word "shall" to be permissive rather than mandatory. Relying on another case, this court in *Davis* stated:

> "In *Youngbey*, in construing the import of the term 'shall' we observed:
>
>> 'Generally, the use of the word "shall" is regarded as indicative of a mandatory intent. [Citations.] We recognize, however, that this is not an inflexible rule; the statute may be interpreted as permissive, depending upon the context of the provision and the intent of the drafters.' (*People v. Youngbey* (1980), 82 Ill. 2d 556, 562.)
>
> In the instant case, to hold that the term 'shall' denominates a mandatory requirement imposed upon the judiciary at sentencing would be to find the statute to be constitutionally invalid. As we presume that the legislature intended to enact a valid statute, we read 'shall' in this context as permissive rather than mandatory. Sutherland, in his treatise on statutory construction, supports such a result. In his words:
>
>> 'Constitutional principles requiring separation of powers of government weigh in favor of directory interpretations for statutes which give directions to the courts. A statute directing judicial action, although it

may be expressed in preemptory terms, will be construed as permissive or directory only, where constitutional principles of separation of powers require a free and unrestrained exercise of judicial discretion.' 2A A. Sutherland, Statutory Construction sec. 57.16, at 439 (4th ed. 1973)." *People v. Davis* (1982), 93 Ill. 2d 155, 162.

If the statute in the instant case is mandatory, we believe that it unduly infringes upon the inherent authority of the judiciary. As this court stated in *City of Waukegan v. Pollution Control Board* (1974), 57 Ill. 2d 170:

"It has been generally recognized that separation of powers does not forbid every exercise of functions by one branch of government which conventionally is exercised by another branch. Professor Frank Cooper (1 F. Cooper, State Administrative Law 16 (1965)) observes: '[T]he real thrust of the separation of powers philosophy is that each department of government must be kept free from the control or coercive influence of the other departments.' " 57 Ill. 2d 170, 174-75.

Each judge in Illinois is responsible for the efficient and expeditious handling of all matters assigned to him or her. Our Rule 61(c)(7) provides:

"(7) *Court Organization.* A judge responsible for administration should organize the court with a view to the prompt and convenient dispatch of its business. No judge should tolerate abuses or neglect by clerks and other assistants.

All judges shall co-operate to promote the satisfactory administration of justice.

It is the duty of a judge to hear and decide all matters regularly assigned to him except in those cases in which he has a conflict of interest." (87 Ill. 2d R. 61(c)(7).)

Defendant relies on *People v. Jackson* (1977), 69 Ill. 2d 252, and asserts that since there is no rule of this court directly in conflict with section 115—4.1, it is constitutional. We do not agree. In *Jackson*, this court held that

the statute which provided that "[e]ach opposing counsel has the right to conduct his own voir dire examination of each prospective juror" (Ill. Rev. Stat. 1975, ch. 38, par. 115—4(f)) was in conflict with our Rule 234, which provided that "[t]he court shall conduct the voir dire examination of prospective jurors *** or may permit the parties to supplement the examination by such direct inquiry as the court deems proper" (58 Ill. 2d R. 234). This court therefore held that the statute was void as a legislative infringement upon the powers of the judiciary. That does not mean that because there is no rule of this court which is in direct conflict with section 115—4.1 the section is constitutional. The statute can still unduly infringe upon the inherent powers of the judiciary.

We believe that to allow the legislature to mandate how long a trial judge must wait before proceeding with a trial, when a defendant has wilfully absented himself from his trial once it has commenced, unconstitutionally infringes upon a trial judge's authority to control his docket. While it is true, as defendant contends, that the legislature has enacted other statutes which have governed procedure in the courts, we believe those statutes are distinguishable. For instance, in *Strukoff v. Strukoff* (1979), 76 Ill. 2d 53, this court upheld a provision of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 403(e)) which required a bifurcated trial in contested dissolution proceedings, with the grounds being tried first and a 48-hour period between hearings to allow time for the parties to amicably settle the remaining issues. This court held that this provision was not an unconstitutional legislative encroachment upon the rulemaking power of the judicial branch. Similarly, the legislature has enacted the speedy-trial provision (Ill. Rev. Stat. 1983, ch. 38, par. 103—5) which provides:

50

"Every person in custody in this State for an alleged of-
fense shall be tried by the court having jurisdiction within
120 days from the date he was taken into custody *** ."

We believe that both the bifurcated-trial and 120-day
speedy-trial provisions are distinguishable from section
115—4.1. A trial judge is aware in advance of the bifur-
cated-trial situation and the speedy-trial provision. A
trial judge can plan ahead to accommodate those cases
on his call. However, with the instant case, the court
cannot plan ahead. If the defendant chooses to walk out
once his trial has commenced, his act can cause complete
disruption of the court's docket. A judge would not know
from case to case whether the defendant would appear
or walk out during trial. A defendant should not benefit
from his own defiance of the criminal justice system. We
believe that if the statute is mandatory it unduly in-
fringes upon the inherent powers of the judiciary. We
therefore hold that the statute is permissive in nature
rather than mandatory and therefore is not unconstitu-
tional.

Since the statute is permissive, the trial judge, in his
discretion, could decide whether to proceed. We cannot
say that the trial judge in the instant case violated the
statute when he did not wait two days before proceeding
to trial in the defendant's absence.

We also agree with the trial court that the defendant
in the instant case waived his right to be present at his
trial. In *People v. Allen* (1967), 37 Ill. 2d 167, this court
stated:

"The law is clear that an accused has the right to ap-
pear and defend in person as well as by counsel; that he
has a right to confront the witnesses against him, and
that he is entitled to be present and to participate at
every stage of the trial. Where the accused is not present
in person, the error is not cured by the presence of coun-
sel, as his attorney has no power to waive his right to be

present. [Citation.] It is also well established that these constitutional privileges were conferred for the benefit and protection of the accused but, like many other rights, they may be waived by him. In *People v. De Simone*, 9 Ill. 2d 522, 533, we held that the court did not exceed its legitimate powers when it proceeded while the accused voluntarily absented himself from the trial and that 'The same result must follow under the circumstances attending this defendant's involuntary absence. It is obvious from the record that defendant's removal was necessary to prevent such misconduct as would obstruct the work of the court; such misconduct was, in turn, effective as a waiver of the defendant's right to be present. The right to appear and defend is not given to a defendant to prevent his trial either by voluntary absence, or by wrongfully obstructing its progress.' " 37 Ill. 2d 167, 171.

In the instant case, the defendant did not reappear for four years. Certainly, not waiting one more day and calling the case did not in any way prejudice the defendant.

For the foregoing reasons, we reverse that part of the circuit court's judgment which held that section 115—4.1 is unconstitutional, and we affirm the defendant's conviction.

*Affirmed in part and reversed in part.*

JUSTICE SIMON, dissenting:

The statute in question, which has been amended in respects not material to this determination, provides:

"In any criminal trial, where a defendant after his trial commences willfully absents himself from court *for a period of 2 successive court days,* the court *shall* proceed with the trial. The absence of such defendant shall not operate as a bar to concluding the trial, to a judgment of conviction resulting therefrom, or to a final disposition of the trial in favor of the defendant. \*\*\*" (Emphasis added.) Ill. Rev. Stat. 1977, ch. 38, par. 115—4.1.

My quarrel with the majority opinion is that it renders part of this statute meaningless. Construing "shall" as permissive rather than mandatory, the majority reads the statute as permitting a trial judge to proceed or not, at his choice, at any time a defendant wilfully absents himself from court. This construction strips the statutory specification of a wilful absence for "a period of 2 successive court days" of all meaning. We may not treat a statute in this manner, because a fundamental rule of statutory construction requires that each word, clause and sentence of a statute be given some reasonable meaning, if possible. *People v. Warren* (1977), 69 Ill. 2d 620, 627; see also *Coalition for Political Honesty v. State Board of Elections* (1976), 65 Ill. 2d 453, 466; *Hirschfield v. Barrett* (1968), 40 Ill. 2d 224, 230, *cert. denied* (1969), 393 U.S. 1062, 21 L. Ed. 2d 706, 89 S. Ct. 716.

Absent this statute, in view of the defendant's sixth amendment right to be present at his trial, and the ordinary criteria for a knowing and intelligent waiver of a constitutional right, a trial judge might well experience some uneasiness about how to proceed when a defendant "willfully absents himself" from court after trial begins. As I view the statute, it is a legitimate exercise of legislative authority that establishes a uniform judicial response to a difficult situation. I see nothing unconstitutional about a legislative directive such as this that safeguards the defendant's right to be present at his trial while minimizing interference with the court's business and its calendar. See *People v. Youngbey* (1980), 82 Ill. 2d 556, 560 ("The General Assembly has the power to enact laws governing judicial practices when the laws do not unduly infringe upon the inherent powers of the judiciary ***"); *People v. Cox* (1980), 82 Ill. 2d 268, 274; *Strukoff v. Strukoff* (1979), 76 Ill. 2d 53, 59.

I can accept the majority's conclusion that the word

"shall" is to be interpreted as permissive, provided that the discretion thus lodged in trial judges is limited to their course of action after a defendant's absence of two days. This interpretation gives substance to the statutory language, permits trial judges flexibility in arranging their court calendars, and offers defendants a reasonable benefit of the doubt regarding an unexplained absence after the commencement of trial. An absent defendant should not be heard to complain, however, if his trial proceeds not on the third successive court day after he absents himself, but on a later day. Where a trial is to a jury, the trial judge would be likely, even in the absence of a statute, to make an effort to proceed on the third day or as soon thereafter as practicable in order to release the jury as early as possible.

Where I part company with the majority is with reference to what the statute requires during the first two court days. I find no basis for the majority's conclusion that during this period the court has discretion to proceed. As I read the statute, it clearly provides the opposite and requires that the trial not proceed for the specified period. During this period, the trial judge often will not even be certain that the defendant's absence is wilful. If the defendant is absent for two days without explanation, however, the statute in effect creates a presumption that the absence is wilful.

I do not regard this interpretation of the statute as incompatible with our State constitution's separation-of-powers provision (Ill. Const. 1970, art. II, sec. 1) because, if the statute intrudes on court procedure, the intrusion is only a minor one and does not unduly infringe upon the inherent powers of the judiciary. (See *City of Waukegan v. Pollution Control Board* (1974), 57 Ill. 2d 170, 174-75 ("separation of powers does not forbid every exercise of functions by one branch of government which conventionally is exercised by another branch"); *People*

*v. Youngbey* (1980), 82 Ill. 2d 556, 560; *People v. Cox* (1980), 82 Ill. 2d 268, 274; *Strukoff v. Strukoff* (1979), 76 Ill. 2d 53, 59.) I believe that the statute interpreted in this manner is an appropriate legislative response looking towards a uniform solution in our trial courts to the problem of a defendant who wilfully absents himself after his trial has commenced.

Thus, I conclude that the trial judge erred when he overrode the statute on constitutional grounds and that he should have waited for two successive court days before proceeding.