667 N.E.2d 109 (1996)
281 Ill. App.3d 467
217 Ill.Dec. 316
In re APPLICATION OF the COUNTY COLLECTOR, FOR JUDGMENT AND ORDER OF SALE AGAINST LANDS AND LOTS RETURNED DELINQUENT FOR NONPAYMENT OF GENERAL TAXES FOR THE YEAR 1990 AND PRIOR YEARS (Dean L. Johnson et al., Petitioners-Appellants
v.
Donald D. Parisi, Respondent-Appellee).
No. 2-95-1026.
Appellate Court of Illinois, Second District.
June 19, 1996.
*111 Dana A. Parisi, Law Offices of Dana A. Parisi, Chicago, for Donald D. Parisi.
John Robert Barr, Barr & Barr, Decatur, for Dean L. Johnson.
Rita Dixon Nielsen, Waterman, pro se.
Justice BOWMAN delivered the opinion of the court:
Respondent, Donald D. Parisi, filed an amended motion pursuant to section 2-1203 of the Code of Civil Procedure (735 ILCS 5/2-1203 (West 1994)) to vacate the trial court's order directing the county clerk to issue a tax deed. The tax purchaser, petitioner Dean L. Johnson, filed a motion to dismiss Parisi's amended motion. The trial court entered an order dismissing the amended motion. Parisi now appeals that order. We reverse and remand.

BACKGROUND
The following facts may be gleaned from the record. Parisi owns certain property located in Hampshire, Illinois (subject property). The listed assessees of the subject property are Parisi and his deceased father, Frank Parisi, in care of their business, Dundee Realty.
On October 28, 1991, Johnson purchased a tax certificate for the subject property. On June 13, 1994, he filed a petition for a tax deed, which requested that the trial court enter an order directing the county clerk to issue a tax deed conveying the subject property to Johnson if the owed taxes were not redeemed within the time and manner provided by law. The period of redemption expired on October 19, 1994, at which time Parisi had not redeemed the owed taxes.
On October 26, 1994, Johnson filed an application for a tax deed, along with a supporting affidavit. That same day the trial court entered an order directing the county clerk to issue a tax deed to Johnson for the subject property. However, this order contained an error in the legal description of the subject property. Consequently, on January 31, 1995, Johnson filed an amended petition for a tax deed and a motion for leave to file an amended order for a tax deed.
On January 31, 1995, the trial court entered an amended order directing the county clerk to issue a tax deed to Johnson for the subject property. On or about February 2, 1995, the county clerk issued a tax deed to Johnson, which he recorded on February 7, 1995. On February 9, 1995, Johnson conveyed *112 the subject property to Rita Dixon Nielsen by warranty deed, which Nielsen recorded on February 16, 1995.
On March 1, 1995, Parisi filed a motion to vacate the judgment, the amended order, and the tax deed pursuant to section 2-1203 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1203 (West 1994)) and section 22-45 of the Property Tax Code (35 ILCS 200/22-45 (West 1994)). On March 24, 1995, Parisi filed an amended motion to vacate the judgment, the amended order, and the tax deed, and to quiet title. The amended motion also added Nielsen as a party in interest.
On April 10, 1995, Johnson filed a motion to dismiss Parisi's amended motion. Johnson's motion alleged that tax deeds are incontestable under section 22-45 of the Property Tax Code except by filing an appeal or a petition under section 2-1401 of the Code (735 ILCS 5/2-1401 (West 1994)). Johnson requested that the trial court dismiss Parisi's motion because Parisi did not contest the issuance of the tax deed by either of these methods. On July 12, 1995, after hearing arguments on the matter, the trial court entered an order granting Johnson's motion to dismiss.
Parisi then filed a notice of appeal of the trial court's order. The notice of appeal was file stamped August 14, 1995. The notice of filing attached to the notice of appeal states that the notice of appeal was filed with the clerk of the circuit court of Kane County on August 11, 1995. The certificate of service attached to the notice of appeal states that Parisi's attorney mailed a copy of the notice of appeal to Johnson on August 14, 1995. On February 8, 1996, Parisi filed an application to amend his notice of appeal and to file an amended notice of appeal, which this court granted on February 22, 1996. The certificate of mailing attached to the amended notice of appeal states that Parisi's attorney served the original notice of appeal upon the clerk of the court of Kane County by mailing the document on August 11, 1995.

DISCUSSION
Parisi has two contentions on appeal: (1) section 22-45 of the Property Tax Code permits a party to contest the issuance of a tax deed by filing a motion under section 2-1203 of the Code; and (2) Johnson was not entitled to the issuance of a tax deed for the subject property because he failed to comply with the notice requirements of the Property Tax Code (35 ILCS 200/22-10, 22-15, 22-20, 22-25 (West 1994)).
Preliminarily, we must determine whether this court has jurisdiction over the appeal. Johnson claims that Parisi did not file a notice of appeal within 30 days of the trial court's order dismissing Parisi's amended section 2-1203 motion. As such, Johnson argues, this court lacks jurisdiction to entertain the appeal. We disagree.
Supreme Court Rule 303(a)(1) (155 Ill.2d R. 303(a)(1)) provides:
"Except as provided in paragraph (b) below, the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, if a timely post-trial motion directed against the judgment is filed, whether in a jury or a nonjury case, within 30 days after the entry of the order disposing of the last pending post-judgment motion." 155 Ill.2d R. 303(a)(1).
Rule 303(a)(1) provides no definition of the words "filed with the clerk of the circuit court." However, Supreme Court Rule 373 (155 Ill.2d R. 373) provides:
"Unless received after the due date, the time of filing records, briefs or other papers required to be filed within a specified time will be the date on which they are actually received by the clerk of the reviewing court. If received after the due date, the time of mailing shall be deemed the time of filing. Proof of mailing shall be as provided in Rule 12(b)(3). This rule also applies to the notice of appeal filed in the trial court." 155 Ill.2d R. 373.
Thus, notices of appeal mailed within the 30-day period and received thereafter by the clerk of the circuit court are timely filed. Davis v. John Crane, Inc., 261 Ill.App.3d 419, 427, 199 Ill.Dec. 133, 633 N.E.2d 929 (1994).
*113 Our review of the record leads us to conclude that Parisi filed his notice of appeal within 30 days of the order dismissing his amended section 2-1203 motion. To be timely filed, Parisi had to file a notice of appeal by August 11, 1995, which was the thirtieth day after the trial court's order dismissing Parisi's amended motion. Based on the record before us, we are satisfied that Parisi filed the notice of appeal on August 11, 1995, by mailing it to the clerk of the circuit court of Kane County. Although the original notice of appeal was file stamped August 14, 1995, the notice of filing attached to the notice of appeal states that it was filed on August 11, 1995, and the certificate of mailing attached to the amended notice of appeal states that the original notice of appeal was mailed to the clerk of the court on August 11, 1995. Because Johnson apparently does not dispute that Parisi mailed the notice of appeal on August 11, 1995, we deem the notice of appeal timely filed. See Davis, 261 Ill. App.3d at 427, 199 Ill.Dec. 133, 633 N.E.2d 929. Thus, we have jurisdiction over the appeal.

I
We now proceed to the merits of the appeal. Parisi's first contention is that section 22-45 of the Property Tax Code permits a party to contest the issuance of a tax deed by filing a motion under section 2-1203 of the Code. Section 22-45 of the Property Tax Code provides in pertinent part:
"Tax deeds issued under Section 22-35 are incontestable except by appeal from the order of the court directing the county clerk to issue the tax deed. However, relief from such order may be had under Section 2-1401 of the Code of Civil Procedure in the same manner and to the same extent as may be had under that Section with respect to final orders and judgments in other proceedings." 35 ILCS 200/22-45 (West 1994).
Section 2-1203 of the Code provides:
"(a) In all cases tried without a jury, any party may, within 30 days after the entry of the judgment or within any further time the court may allow within the 30 days or any extensions thereof, file a motion for a rehearing, or a retrial, or modification of the judgment or to vacate the judgment or for other relief.
(b) A motion filed in apt time stays enforcement of the judgment." 735 ILCS 5/2-1203 (West 1994).
The Property Tax Code does not define the phrase "by appeal" in section 22-45. Parisi reads this phrase as permitting a party to "appeal" the issuance of a tax deed to the trial court that originally ordered the issuance of the tax deed. Parisi maintains that section 22-45 does not indicate that the legislature intended to depart from regular civil practice regarding the trial court's ability to entertain motions brought under section 2-1203.
Johnson responds that the plain language of section 22-45 provides that the issuance of a tax deed is incontestable except by appealing the trial court's order to a reviewing court or by filing a petition under section 2-1401 of the Code. Because Parisi did not contest the issuance of the tax deed in these methods, Johnson reasons that the trial court properly granted his motion to dismiss Parisi's amended section 2-1203 motion.
Well-established rules of statutory construction guide our resolution of whether a party may contest the issuance of a tax deed by filing a section 2-1203 motion to vacate the tax deed. The cardinal goal of statutory construction, to which all other goals are subordinate, is to ascertain and give effect to the true intent and meaning of the legislature. In re Application for Judgment & Sale of Delinquent Properties for the Tax Year 1989, 167 Ill.2d 161, 168, 212 Ill. Dec. 215, 656 N.E.2d 1049 (1995). The language of the statute is the best indication of legislative intent. Bogseth v. Emanuel, 166 Ill.2d 507, 513, 211 Ill.Dec. 505, 655 N.E.2d 888 (1995). If the language of the statute is plain and unambiguous, courts must give effect to it without considering additional indicia of legislative intent. First of America Bank, Rockford, N.A. v. Netsch, 166 Ill.2d 165, 181, 209 Ill.Dec. 657, 651 N.E.2d 1105 (1995). Courts are not at liberty to depart from the plain language and meaning of the statute by reading into it exceptions, limitations, *114 or conditions that the legislature did not express. Klem v. First National Bank, 275 Ill.App.3d 64, 67, 211 Ill.Dec. 828, 655 N.E.2d 1211 (1995). Consistent with this approach is the rule of statutory construction expressio unius est exclusio alterius. Under this maxim, a statute which specifies one exception to a general rule excludes other exceptions by implication. Cie v. Comdata Network, Inc., 275 Ill.App.3d 759, 761, 211 Ill.Dec. 931, 656 N.E.2d 123 (1995).
Applying these principles to the case at bar, we believe the plain meaning of section 22-45 is clear: the issuance of a tax deed is incontestable except by appealing to a reviewing court or by filing a section 2-1401 petition. As noted, the issuance of a tax deed is incontestable except "by appeal from the order of the court directing the county clerk to issue the tax deed." (Emphasis added.) 35 ILCS 200/22-45 (West 1994). As the word is commonly understood, a party "appeals" a trial court's order to a reviewing court. See Black's Law Dictionary 96 (6th ed. 1990) (defining "appeal" as "[r]esort to a superior (i.e. appellate) court to review the decision of an inferior (i.e. trial) court or administrative agency"); Webster's Third New International Dictionary 103 (1986) (defining "appeal" as "a legal proceeding by which a case is brought from a lower to a higher court for rehearing"). A party does not "appeal" a trial court's order to the trial court; rather, he asks the trial court to modify or vacate its order. Based on the clear and unambiguous language in section 22-45, we conclude that the legislature intended for the issuance of tax deeds to be incontestable except by appeal to a reviewing court or a section 2-1401 petition.
This conclusion is consistent with the rule of statutory construction expressio unius est exclusio alterius. Section 22-45 generally states that the issuance of a tax deed is incontestable. The section specifies two exceptions to this rule: (1) "by appeal[ing]" from the order of the court directing the county clerk to issue the tax deed; and (2) by filing a section 2-1401 petition. See 35 ILCS 200/22-45 (West 1994). By specifying only two exceptions to the general rule that the issuance of a tax deed is incontestable, we believe that other exceptions, such as filing a section 2-1203 motion to vacate the tax deed, are not contemplated or permitted by the section. See Cie, 275 Ill.App.3d at 761, 211 Ill.Dec. 931, 656 N.E.2d 123.
We note that, although no Illinois case has addressed whether section 22-45 permits a party to file a section 2-1203 motion to contest the issuance of a tax deed, Illinois courts have routinely noted that the issuance of a tax deed is incontestable except by direct appeal or a section 2-1401 petition. See Vulcan Materials Co. v. Bee Construction, 96 Ill.2d 159, 165-66, 70 Ill.Dec. 465, 449 N.E.2d 812 (1983) ("Under section 266 of the [Revenue] Act [of 1939] [the predecessor section and statute of section 22-45 of the Property Tax Code], tax deeds were incontestable except by direct appeal"); Smith v. D.R.G., Inc., 63 Ill.2d 31, 36, 344 N.E.2d 468 (1976) (same); In re Application for Judgment & Sale by the County Treasurer & Ex Officio County Collector, 276 Ill.App.3d 1084, 1090, 213 Ill.Dec. 541, 659 N.E.2d 457 (1995) (stating that language that tax deed was incontestable except by appeal not satisfied where the party did not file an appeal from the order directing the issuance of the tax deed); Wilder v. Finnegan, 267 Ill.App.3d 422, 424, 204 Ill.Dec. 795, 642 N.E.2d 496 (1994) ("It is well settled by statute and case law that tax deeds are incontestable except by direct appeal or by a petition for postjudgment relief pursuant to section 2-1401"); In re Application of the County Treasurer & Ex Officio County Collector, 171 Ill.App.3d 644, 648, 121 Ill.Dec. 545, 525 N.E.2d 852 (1987) ("Absent fraud, tax deeds which are issued are incontestable except on direct appeal"); Elliott v. Johnson, 156 Ill. App.3d 70, 73, 108 Ill.Dec. 652, 508 N.E.2d 1229 (1987) ("a tax deed may be challenged only by direct appeal or by a motion pursuant to section 2-1401").
We are aware of Parisi's reliance on In re Application of the County Collector for Judgment of Sale Against Lands & Lots Returned for Non-Payment of General Taxes & Petition of Robert Burroughs for Tax Deed, 2 Ill.App.3d 737, 277 N.E.2d 532 (1971) (Cruikshank v. Burroughs), as authority for the proposition that he could contest the *115 issuance of the tax deed by filing a section 2-1203 motion. In Cruikshank, the trial court ordered the issuance of a tax deed to the petitioner. The property owners contested this order by filing a petition under section 2-1203's 1969 counterpart, section 68.3 of the Civil Practice Act (Ill.Rev.Stat.1969, ch. 110, sec. 68.3). Cruikshank, 2 Ill.App.3d at 740, 277 N.E.2d 532. Section 68.3 provided that, in all nonjury cases, any party could file within 30 days of the entry of the judgment a motion to modify or vacate the judgment. Ill.Rev.Stat.1969, ch. 110, par. 68.3. The trial court granted the petition. On appeal, the Cruikshank court "observed" that the property owners filed their petition under section 68.3 rather than section 72, the predecessor to section 2-1401 of the Code. 2 Ill.App.3d at 740, 277 N.E.2d 532. The court approved of this tactic and permitted the petition to stand apparently because there was "ample evidence" that the trial court erred in its determination that all notices as required by law were given to the property owners. Cruikshank, 2 Ill.App.3d at 740, 277 N.E.2d 532.
We decline to follow Cruikshank to the extent it holds that a party may contest the issuance of a tax deed by filing a section 2-1203 motion. At the time of the tax deed proceedings in Cruikshank, section 266 of the Revenue Act of 1939 (Revenue Act) (Ill. Rev.Stat.1969, ch. 120, par. 747), the predecessor section and statute to section 22-45 of the Property Tax Code, provided that "[t]ax deeds issued pursuant to this Section are incontestable except by appeal from the order of the court directing the county clerk to issue the tax deed." Ill.Rev.Stat.1969, ch. 120, par. 747. Thus, the rules relating to the issuance of tax deeds which were in effect during Cruikshank are essentially identical to those in effect in the present case. Compare Ill.Rev.Stat.1969, ch. 120, par. 747 with 35 ILCS 200/2245 (West 1994). Cruikshank, however, does not mention these rules or their effect on whether a party may contest the issuance of a tax deed by filing a section 68.3 (or section 2-1203) motion to vacate the tax deed. As noted, we believe that the language in section 22-45 does not permit a party to contest the issuance of a tax deed by filing a section 2-1203 motion. We therefore decline to follow Cruikshank because there is no indication that it was aware of and considered the similar language contained in section 22-45's predecessor, section 266 of the Revenue Act.
Our analysis, however, does not end here. As we construe section 22-45, a trial court is essentially prohibited from modifying or vacating its order directing the county clerk to issue a tax deed unless in response to a section 2-1401 petition filed 30 days after the entry of the order. For all practical purposes, section 22-45 divests the trial court of jurisdiction over the matter once it has entered its order, in apparent conflict with the general rule that the trial court retains jurisdiction to vacate or modify its own orders for 30 days after it has been entered. Thus, we must address an issue not raised by the parties in the trial court or on appeal: whether the legislature has the authority to divest a trial court of jurisdiction once it has ordered the county clerk to issue the tax deed. In "legalese," the issue before us is whether section 22-45 of the Property Tax Code, which provides that the issuance of tax deeds is incontestable except by appeal to a reviewing court or by a section 2-1401 petition, violates the separation of powers doctrine.
The principle of separation of powers is embodied in article II, section 1, of the Illinois Constitution of 1970 (Constitution), which provides: "The legislative, executive and judicial branches are separate. No branch shall exercise powers properly belonging to another." Ill. Const.1970, art. II, § 1. The separation of powers doctrine forbids one branch of government from exercising powers properly belonging to another branch. Administrative Office of the Illinois Courts v. State & Municipal Teamsters, Chauffeurs & Helpers Union, Local 726, 167 Ill.2d 180, 192, 212 Ill.Dec. 627, 657 N.E.2d 972 (1995) (per curiam).
The source of judicial power is founded in article VI, section 1, of the Constitution, which states: "The judicial power is vested in a Supreme Court, an Appellate Court and Circuit Courts." Ill. Const.1970, art. VI, § 1. All judicial power is exclusively *116 and exhaustively granted to the courts. People v. Cox, 82 Ill.2d 268, 274, 45 Ill.Dec. 190, 412 N.E.2d 541 (1980). If the power is judicial in character, the legislature is expressly prohibited from exercising it. People v. Jackson, 69 Ill.2d 252, 256, 13 Ill.Dec. 667, 371 N.E.2d 602 (1977).
The Constitution does not expressly define which powers are judicial or, for that matter, which are legislative or executive. The supreme court, however, has held that judicial power includes "`all powers necessary for complete performance of the judicial functions.'" Administrative Office of the Illinois Courts, 167 Ill.2d at 191-92, 212 Ill. Dec. 627, 657 N.E.2d 972, quoting People ex rel. Illinois State Bar Ass'n v. Peoples Stock Yards State Bank, 344 Ill. 462, 470, 176 N.E. 901 (1931). To that end, judicial power includes not only the power to hear and decide cases, but also general administrative and supervisory authority over the courts of this State. Administrative Office of the Illinois Courts, 167 Ill.2d at 192, 212 Ill.Dec. 627, 657 N.E.2d 972.
The separation of powers doctrine, however, does not contemplate that each branch of government exercise its powers in complete isolation from the other two branches; rather, it contemplates a government of separate branches having certain shared or overlapping powers. People v. Walker, 119 Ill.2d 465, 473, 116 Ill.Dec. 675, 519 N.E.2d 890 (1988). Accordingly, the constitutional authority to promulgate procedural rules, in certain circumstances, can be concurrent between the judiciary and the legislature. O'Connell v. St. Francis Hospital, 112 Ill.2d 273, 281, 97 Ill.Dec. 449, 492 N.E.2d 1322 (1986). Although the legislature has the power to enact laws concerning judicial practice, these laws may not conflict with a supreme court rule (Cox, 82 Ill.2d at 274, 45 Ill.Dec. 190, 412 N.E.2d 541) or unduly infringe on the inherent power of the judiciary (People v. Taylor, 102 Ill.2d 201, 208, 80 Ill.Dec. 76, 464 N.E.2d 1059 (1984); Agran v. Checker Taxi Co., 412 Ill. 145, 149, 105 N.E.2d 713 (1952)).
Our supreme court has held that the statutory procedures related to the issuance of tax deeds do not violate the separation of powers doctrine. See People ex rel. County Collector v. Jeri, Ltd., 40 Ill.2d 293, 301, 239 N.E.2d 777 (1968). However, whether section 22-45's language that the issuance of a tax deed is incontestable except by appeal to a reviewing court or by a section 2-1401 petition violates the separation of powers doctrine appears to be an issue of first impression under Illinois law. Despite the absence of specific authority on this issue, we conclude, after reviewing the separation of powers doctrine, that section 22-45 both conflicts with Supreme Court Rule 303 (155 Ill.2d R. 303) and unduly infringes on the inherent power of the judiciary.
First, we believe that section 22-45 conflicts with Supreme Court Rule 303(a)(1) (155 Ill.2d R. 303(a)(1)). Rule 303(a)(1) provides:
"Except as provided in paragraph (b) below, the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, if a timely post-trial motion directed against the judgment is filed, whether in a jury or a nonjury case, within 30 days after the entry of the order disposing of the last pending post-judgment motion." 155 Ill.2d R. 303(a)(1).
Admittedly, Rule 303(a)(1) does not expressly state that a party has the right to file a post-trial motion within 30 days after the entry of the final judgment. Nevertheless, under our jurisprudence, a trial court loses jurisdiction over a matter once 30 days have passed if during that time neither party takes any "legally proper action," such as the filing of a post-judgment motion, which delays the running of the 30-day period, or the filing of a notice of appeal. In re Marriage of Agustsson, 223 Ill.App.3d 510, 515, 165 Ill.Dec. 811, 585 N.E.2d 207 (1992); see 155 Ill.2d R. 303(a)(1). In other words, if neither party takes any "legally proper action," the trial court retains jurisdiction to reconsider its judgment and orders for 30 days. Weilmuenster v. H.H. Hall Construction Co., 72 Ill.App.3d 101, 105, 28 Ill.Dec. 412, 390 N.E.2d 579 (1979); see People ex rel. Barrett v. Board of Commissioners, 11 Ill.App.3d 666, 668, 297 N.E.2d 307 (1973) ("the jurisdiction *117 of the trial court extends to all matters put in issue by the pleadings, and such jurisdiction ceases 30 days after the entry of the final judgment or decree").
As noted earlier, section 22-45 provides that the only direct attack permitted on a trial court's order directing the county clerk to issue a tax deed is by appeal to a reviewing court. Section 22-45, therefore, essentially divests the trial court of jurisdiction over the matter once it has entered its order. By divesting the trial court of jurisdiction to reconsider its order, section 22-45 directly conflicts with Rule 303(a)(1) and our jurisprudence. Since a supreme court rule prevails over a conflicting statute (see O'Connell, 112 Ill.2d at 281, 97 Ill.Dec. 449, 492 N.E.2d 1322), we hold that section 22-45, insofar as it restricts a party from directly attacking the trial court's order except by appeal to a reviewing court, violates the separation of powers doctrine and thus is unconstitutional. As such, the trial court erred in granting Johnson's motion to dismiss Parisi's amended section 2-1203 motion to vacate the tax deed.
We also believe that section 22-45 unduly infringes on the inherent power of the judiciary. In Agran v. Checker Taxi Co., 412 Ill. 145, 105 N.E.2d 713 (1952), our supreme court held:
"The General Assembly has power to enact laws governing judicial practice only where they do not unduly infringe upon the inherent powers of the judiciary. [Citation.] Were this not true, a basic tenet of our democratic form of government would be destroyed, and the relevant constitutional provisions rendered nugatory. It is the undisputed duty of the court to protect its judicial powers from encroachment by legislative enactments, and thus preserve an independent judicial department." 412 Ill. at 149, 105 N.E.2d 713.
In light of these principles, our supreme court has not hesitated to invalidate laws which it deemed unduly infringed on the inherent powers of the judiciary. See, e.g., People v. Flores, 104 Ill.2d 40, 48-50, 83 Ill.Dec. 349, 470 N.E.2d 307 (1984) (statute mandating how long a trial judge must wait before proceeding with trial unduly infringed on the inherent power of court to control its docket); Jackson, 69 Ill.2d at 260, 13 Ill.Dec. 667, 371 N.E.2d 602 (statute regulating voir dire examination of jurors held void); People ex rel. Stamos v. Jones, 40 Ill.2d 62, 66, 237 N.E.2d 495 (1968) (statute regulating admission to bail pending appeal held unconstitutional); Agran, 412 Ill. at 149-51, 105 N.E.2d 713 (statute restricting the power of a court to dismiss an ex parte action for lack of prosecution, thereby limiting the court's authority to render a judgment, held unconstitutional).
In our view, section 22-45 unduly infringes on the inherent power of courts to correct their orders directing the county clerk to issue a tax deed within 30 days of its entry. Even if Rule 303 does not expressly provide so, trial courts nevertheless possess the inherent authority to reconsider their orders for 30 days after their entry. Trial courts are not infallible, and, for whatever reason, they may improperly enter an order directing the county clerk to issue a tax deed. Just as the power to render an order is one of the most important inherent judicial powers of the courts (Agran, 412 Ill. at 150, 105 N.E.2d 713), so too is the power to correct that order within 30 days. To hold otherwise would be to accept the absurd proposition that trial courts are powerless to correct their orders, even when it is patently obvious that such orders were improperly entered. Thus, we conclude that section 22-45 unduly infringes on the inherent power of the courts to correct their orders within 30 days after their entry. Accordingly, section 22-45 violates the separation of powers doctrine and is thereby unconstitutional. The trial court therefore erred in granting Johnson's motion to dismiss Parisi's amended section 2-1203 motion to vacate the tax deed.

II
Parisi's second contention is that Johnson was not entitled to the issuance of a tax deed for the subject property because he failed to comply with the notice requirements of the Property Tax Code. See 35 ILCS 200/22-10, 22-15, 22-20, 22-25 (West 1994). Parisi claims that Johnson did not comply with the notice requirements because (1) he failed *118 to file a report of proceedings; (2) he effected personal service on the county clerk rather than Parisi; and (3) he failed to exercise due diligence in locating Parisi.
We decline to address this contention. In response to Parisi's amended section 2-1203 motion to vacate the tax deed, Johnson filed a motion to dismiss. Johnson has not, as yet, answered the allegations contained in Parisi's amended motion. Moreover, if Johnson disputes the factual allegations in the amended motion, the trial court will presumably conduct a hearing on the matter. Based on these facts, we conclude that it is improper for this court to decide, as a matter of law, that Johnson failed to comply with the notice provisions of the Property Tax Code. We therefore remand this matter to the trial court for proceedings consistent with this opinion.
For the foregoing reasons, the judgment of the circuit court of Kane County is reversed, and the cause is remanded for proceedings consistent with this opinion.
Reversed and remanded.
GEIGER and THOMAS, JJ., concur.