*In re* MARRIAGE OF THOMAS R. VIGIL, Petitioner-Appellant, and CLAUDIA A. VIGIL, a/k/a Claudia Dancing, Respondent (The Department of Public Aid, Respondent-Appellee).

First District (3rd Division)   No. 1—86—1377

Opinion filed July 6, 1988.—Rehearing denied August 5, 1988.

Charles W. Nixon, of Chicago, for appellant.

Debra Petro, of Chicago, for appellee.

JUSTICE RIZZI delivered the opinion of the court:

Petitioner, Thomas R. Vigil, appeals from an order of the trial court dismissing his section 2—1401 of the Code of Civil Procedure petition (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401) to vacate an order entered subsequent to a judgment of dissolution of marriage which required him to tender child support payments directly to respondent, Illinois Department of Public Aid (IDPA). We affirm.

On August 7, 1974, a judgment for dissolution of marriage was entered terminating Thomas' marriage to Claudia Vigil. At the time of their divorce, the Vigils' four children were minors. Pursuant to the terms of the judgment, Thomas was to pay $600 per month as child support.

Shortly after the divorce, Thomas was involved in an automobile accident and took a leave of absence from his employment. During this leave of absence, Thomas became in arrears regarding his child support obligation. Thomas and Claudia's four children then began to receive assistance from the IDPA. At that time, the IDPA filed a petition requesting that the trial court enter an order directing Thomas to make all future child support payments to the IDPA for as long as his children continue to receive public aid. According to the documents that were filed, a copy of the notice of motion and the petition

were mailed to Thomas and to Claudia. On May 19, 1976, the trial court entered an order granting the relief requested by the IDPA.

Thereafter, in December 1985, Thomas filed a section 2—1401 petition supported by affidavits to vacate the May 19, 1976, order of the trial court. In his petition, Thomas alleged that the May 19 order was entered without notice to him and therefore void. Thomas further alleged that he did not receive notice of the order until early 1985 when his attorney examined the court file in the Vigils' divorce case. Following a hearing, the petition was dismissed for lack of diligence. The trial court stated:

"[T]he court read the petition to vacate which you filed on behalf of your client and all the attachments to it and at this time the court will deny your petition to vacate. The court does not believe that there has been diligence on your client's behalf and the court does not believe that there is any harm being done to your client by the order being entered. *** If your client paid Mrs. Vigil money, then he is certainly entitled to all credit for that money and he would certainly not owe the Department of Public Aid for any money for the period of time he paid her money, *** so I think you need to file the appropriate petition against the Department of Public Aid to make sure you get an accounting from them and that will be a more appropriate petition."

This appeal followed.

Section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401) provides for relief from final judgments and orders after 30 days from their entry. It states in relevant part:

"(c) The petition must be filed not later than 2 years after the entry of the order or judgment. Time during which the person seeking relief is under legal disability or duress or the ground for relief is fraudulently concealed shall be excluded in computing the period of 2 years.

* * *

(f) Nothing contained in this Section affects any existing right to relief from a void order or judgment, or to employ any existing method to procure that relief." Ill. Rev. Stat. 1985, ch. 110, pars. 2—1401(c), (f).

■ Thomas' petition sought to vacate an order that had been entered 10 years earlier. We have no authority to extend the two-year limitation period for the filing of such a petition. (*Sidwell v. Sidwell* (1984), 127 Ill. App. 3d 169, 173, 468 N.E.2d 200, 203.) Thomas, however, argues that the May 18, 1979, order was void and therefore the

two-year limitations period is not applicable. We disagree.

■ The record reveals that the May 19 order is not void on its face. The order states:

> "This cause coming to be heard upon the petition of the Illinois Department of Public Aid, due notice having been served on all parties, and the Court having jurisdiction of the parties hereto and the subject matter hereof, and being fully advised in the premises *** ."

Since the May 19 order was not void on its face, it was Thomas' burden to present evidence sufficient to justify a voiding of the order by the trial court on the basis that he did not receive proper notice of the hearing giving rise to the order. We do not believe that Thomas has met his burden in this respect.

Supreme Court Rule 11 (107 Ill. 2d R. 11) provides that service of papers other than process and complaint may be had by depositing such papers in a post office box, enclosed in an envelope and plainly addressed to a party at his business address or residence. Service by mail is deemed complete four days after mailing. In conjunction with Rule 11, Supreme Court Rule 12 (107 Ill. 2d R. 12) states that proof of service by mail may be proven by "certificate of the attorney, or affidavit of a person other than the attorney, who deposited the paper in the mail, stating the time and place of mailing, the complete address which appeared on the envelope, and the fact that proper postage was prepaid."

Thomas argues that the record reflects that he in fact never received notice of the motion which culminated in the May 19 order. In support of his argument, Thomas emphasizes two points: (1) that the notice of motion was incorrectly addressed to Thomas C. Vigil as opposed to Thomas R. Vigil and (2) that the notice was not mailed to his current address. We find Thomas' argument unavailing.

■ Initially, the record reflects that Rules 11 and 12 were followed. With respect to the deviation in Thomas' middle initial, we find it of no significance. A mere typographical error could account for it, and the error in no way affects the fact that both Thomas' first and last names were correctly indicated. We do not believe that an erroneous designation of a middle initial amounts to sufficient proof that Thomas did not receive notice. Regarding Thomas' argument that he no longer lived at the address to which the notice was sent, we find nothing in the record to support this assertion other than Thomas' statement. Under the circumstances, the trial court was not required to believe Thomas' statement.

Thomas next contends that the IDPA fraudulently concealed the

entry of the May 19, 1976, order and that therefore the two-year limitation period for filing his petition was tolled. We disagree.

■ General allegations of fraudulent concealment will not nullify the applicability of the two-year limitation period governing the filing of section 2—1401 petitions. Rather, specific allegations of inculpatory facts must be raised. (*Lubbers v. Norfolk & Western Ry. Co.* (1986), 147 Ill. App. 3d 501, 511, 498 N.E.2d 357, 364.) Moreover, to constitute a ground for relief under section 2—1401, the fraudulent concealment must be something of an affirmative nature, designed to prevent, and which does prevent, the discovery of the ground for relief. *Elliot v. Johnson* (1987), 156 Ill. App. 3d 70, 75, 508 N.E.2d 1229, 1232.

■ We cannot accept Thomas' argument that the IPDA's responses to his requests for information concerning the May 19 order amounted to fraudulent concealment. To the contrary, our review of the record reveals no evidence of fraudulent concealment on the part of the IDPA. Rather than demonstrate concealment, the record is replete with evidence of two-way communications between the IDPA and Thomas concerning the May 19 order as early as August 1976. In fact, measures were taken by the parties to resolve the problems Thomas was encountering. Thomas' argument regarding fraudulent concealment must therefore fail.

■ Based on the record before us, we must uphold the trial court's determination that Thomas lacked due diligence in presenting his section 2—1401 petition to the court. In view of our disposition of this issue, we need not review the merits of Thomas' petition for relief.

Accordingly, the order from which the appeal is taken is affirmed.

Affirmed.

WHITE, P.J., and McNAMARA, J., concur.