Catherine CATOOR, an incompetent, by Arden Kaskavage, the Conservator of her Estate, et al., Plaintiffs,

v.

Allan L. BLAIR, Individually, Through Geraldine Hoffman, et al., Defendants.

No. 72 C 2029.

United States District Court, N. D. Illinois.

April 20, 1973.

Marshall Patner, Chicago, Ill., Warren H. Skora, Waukegan, Ill., Donald S. Frey, Evanston, Ill., for plaintiffs.

Bernard Carey, State's Atty. for Cook County, Cohon, Raizes & Regal, Alvin L. Kruze, Chicago, Ill., for defendants.

Before PELL, Circuit Judge, and BAUER and LYNCH, District Judges.

## MEMORANDUM OPINION AND ORDER

This cause comes on a hearing before a three-judge district court pursuant to 28 U.S.C. § 2284. The action challenges the constitutionality of the Illinois tax deed statute, Ill.Rev.Stat. ch. 120, §§ 697 through 756, seeking declaratory, injunctive, and other appropriate relief under 42 U.S.C. §§ 1981, 1983, 1985 and 1988. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343.

Plaintiffs represent the class of all persons against whom a tax deed has been issued or against whom is pending a petition for issuance of a tax deed in an Illinois court. They allege that pursuant to the above statute they have been deprived of their Fourteenth Amendment rights of due process and equal protection.

Defendants include alleged systematic purchasers of delinquent property and the state judicial officers who are responsible for administering the statute. Responding with motions to dismiss, they contend, *inter alia,* that plaintiffs have failed to state a claim upon which relief can be granted and that under the principle of stare decisis the case is barred by this court's prior ruling in Balthazar v. Mari, Ltd., 301 F.Supp. 103 (N.D.Ill.1969), aff'd mem. 396 U.S. 114, 90 S.Ct. 397, 24 L.Ed.2d 307 (1969). Plaintiffs, in turn, submit that intervening Supreme Court decisions have vitiated the ruling in *Balthazar, supra,* and that the instant case raises issues in addition to those litigated in *Balthazar.*

Upon oral argument plaintiffs appeared to abandon their contention that the statute's provision for private forfeiture upon nonpayment of special assessments for certain counties [§ 710] constitutes discrimination against landowners in Cook County. The removal of this argument from consideration renders the issues in this case virtually identical to those of *Balthazar, supra.*

The *Balthazar* court upheld the constitutionality of the legislation in a well-reasoned opinion. This Court agrees with the *Balthazar* decision and is compelled to follow it in the instant action, especially in light of the statutory revisions [1] enacted subsequent to the *Balthazar* ruling. The intervening cases submitted by plaintiffs all involve violations of due process resulting from the absence of both notice and a hearing prior to a deprivation of property.[2] However, these decisions are not controlling in the instant case.

Plaintiffs contend that they received inadequate notice and lack of opportunity for a judicial hearing on tax sales and redemption rights. Apart from the fact that it is incomprehensible that persons owning real estate are unaware of the fact that each year taxes become due and owing on all real estate, there are very specific provisions for notification and opportunity for redemption and for hearing contained in the Illinois Revenue Code. Chapter 120, Ill.Rev. Stat. § 706 requires that the county collector "publish an advertisement giving notice of the intended application for judgment for sale of such delinquent lands and lots. . . ." This section also requires that the specified date for application for judgment be fixed in the notice, as well as the fact that the court will be asked for an order, after a hearing, to sell the lands and lots for satisfaction of the taxes due. The delinquent taxpayer is on notice that he may appear and present evidence at such hearing.

Section 711 of Chapter 120 of the Illinois Revised Statutes requires the following:

"711. Notice to Person in Whose Name Taxes Assessed Before Tax Sale.] § 230. Not less than 10 days before the date of sale of delinquent lands or lots, the county collector shall mail a notice or letter of the forthcoming sale to the person shown by the current collector's warrant book to be the party in whose name the taxes were last assessed. The notice shall include the intended dates of application for judgment and sale of such lands or lots and of the commencement of such sale and a description of such lands or lots."

Thereafter, two full years pass during which period the owner of the property may redeem the property simply by paying the taxes, penalties and interest.

Section 744 of the revenue statute requires that not less than three months nor more than five months prior to the expiration of the redemption period, the tax-purchaser must give notice of the sale and the date of the expiration of the period of redemption to the owners, occupants and parties interested in the premises. Included within this paragraph is a provision which permits most owners of owner-occupied dwelling units to obtain an additional 30 days redemption time simply by appearing in court.

Finally, § 747 of Chapter 120 provides for the hearing after the expiration of the redemption period and for additional notice to the original owner by publication. At this hearing the tax purchaser is required to prove that the real estate has not been redeemed from the sale and that

". . . all taxes and special assessments which became due and payable subsequent to the sale have been paid and all forfeitures and sales which occur subsequent to the sale have been

---

1. By these revisions the Illinois legislature sought to provide further safeguards against unwarranted forfeitures, among them additional notices of proceedings, the opportunity to deposit the amount of the alleged delinquency in order to obtain a hearing during the period of redemption, and the creation of an indemnity fund to reimburse non-negligent landowners whose property is forfeited.

2. The most recent and most comprehensive of these cases is Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972). Declaring unconstitutional a prejudgment replevin statute which permitted seizure of chattels without prior notice or hearing, the *Fuentes* Court stated that the procedural due process requirements of notice and hearing applied to the deprivation of any kind of property interest.

redeemed and the notices required by law have been given and the petitioner has complied with all the provisions of law entitling him to a deed."

The aforementioned notices and opportunities for a landowner to either pay or object to his real estate taxes must be deemed constitutionally adequate when weighed against the legitimate interest of the state in collecting its taxes. Even if the owner has failed to receive one type of notification, sufficient others are bound to have come to his attention to alert him to the possibility that he might lose his property through further inaction.

Although the Court notes that there still is considerable room for improvement in the challenged statute, we are not convinced that the statute is unconstitutional. As the Supreme Court recently observed,

> "[n]o scheme of taxation, whether the tax is imposed on property, income or purchases of goods and services, has yet been devised which is free of all discriminatory impact. In such a complex arena in which no perfect alternatives exist, the Court does well not to impose too rigorous a standard of scrutiny lest all local fiscal schemes become subjects of criticism under the Equal Protection Clause."

San Antonio Independent School District v. Rodriguez, 411 U.S. 1, 93 S.Ct. 1278, 1301, 36 L.Ed.2d 16 (1973).

Therefore, it is appropriate to sustain the motions to dismiss with the strong recommendation that the legislature take further steps to ameliorate the unduly harsh effects of this statute upon the landowners whose property is forfeited.

Accordingly, it is hereby ordered, adjudged and decreed that defendants' motions are granted and that the cause is dismissed.