R. GERALD CHOATE *et al.*, Plaintiffs and Counterdefendants-Appellees, *v.* UNKNOWN HEIRS AND DEVISEES OF O. S. COLE, a/k/a Oscar Cole, Deceased, *et al.*, Defendants and Counterplaintiffs-Appellants.

Fifth District   No. 81-98

Opinion filed November 17, 1981.

Harris, Lambert and Wilson, of Marion, for appellants.

William J. Novick, of Fowler & Novick, of Marion, for appellees.

JUSTICE HARRISON delivered the opinion of the court:

Plaintiffs, R. Gerald Choate and Louise Choate, filed in the circuit court of Williamson County an action to quiet title to certain mineral interests. The Choates' claim to the property rested upon a tax deed which had issued in October 1965. Defendants, Claudia Cole, Kay Cole Hopkins, and Cline Cole, Jr., filed a counterclaim to quiet title, predicated on a master's deed issued in a 1935 chancery proceeding to O. S. Cole, the defendants' predecessor in interest. The Coles also filed a petition under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 72), challenging the validity of the tax deed issued to the Choates in 1965. In a well-reasoned order, the trial court found for the Choates and against the Coles on the quiet title actions. The court also denied the Coles' section 72 petition on the grounds that no evidence of fraud on the part of the Choates was established by the Coles, that the section 72 petition was time-barred in that over two years had elapsed since the 1965 order issuing the tax deed, and no fraud nor fraudulent concealment existed to extend the two-year period during which a section 72 petition may have been brought. The Coles appeal from this order and raise three issues: (1) whether the trial court erred in quieting title in the Choates, (2) whether the trial court erred in denying the section 72 petition to set aside the tax deed, and (3) whether the trial court's decision applies the statutory tax

deed scheme in a manner inconsistent with the Illinois and United States constitutions. For the following reasons we affirm the order of the trial court.

In 1935 O. S. Cole obtained a master's deed to the mineral rights in question and recorded the deed in 1939. O. S. Cole died in 1943 and his interest in the property succeeded to the defendants, all of whom live in Tennessee. None of the defendants contended that he had paid taxes on the property. In 1965 plaintiff obtained a tax deed to the property after notice by publication was given to all "unknown owners and parties interested." The court which ordered the tax deed to issue specifically found that "R. Gerald Choate and Louise Choate have in all respects duly complied with the statutory requirements for the issuance of a tax deed * * *."

■■ Appellants claim that the trial court erred in quieting title in the Choates and not in the Coles in that the Choates' title is not superior to that of the Coles and hence the Choates cannot prevail in a quiet title action. This argument misapprehends the nature of this action. Section 266 of the Revenue Act of 1939 provides that a tax deed may *only* be challenged by direct appeal or by a section 72 petition. (Ill. Rev. Stat. 1979, ch. 120, par. 747.) We conclude that the Coles' counterclaim in quiet title was properly denied by the trial court, since the counterclaim was neither a direct appeal nor a section 72 petition.

■■ The Coles' section 72 petition sought to challenge the 1965 tax deed proceeding on the alleged ground of fraud. The petition was filed in 1980, nearly 15 years after entry of the order directing the tax deed to issue. Section 72(3) of the Civil Practice Act provides that "[t]he petition must be filed not later than 2 years after the entry of the order or judgment. Time during which * * * the ground for relief is fraudulently concealed shall be excluded in computing the period of 2 years." (Ill. Rev. Stat. 1979, ch. 110, par. 72.) Under this statute the Coles' section 72 petition is time-barred unless the ground for relief was fraudulently concealed. The Coles contend that the appellees' failure to notify appellants personally of the 1965 action during its pendency constitutes fraud. This question has been settled to the contrary. (*Exline v. Weldon* (1974), 57 Ill. 2d 105, 111, 311 N.E.2d 102.) The mere failure to receive notice of a tax deed proceeding does not, of itself, constitute the requisite fraud. (*In re Application of Dickey* (1978), 72 Ill. 2d 317, 381 N.E.2d 260; *Zeve v. Levy* (1967), 37 Ill. 2d 404, 409, 226 N.E.2d 620.) Appellants claim, however, that the alleged failure of the Choates to search the records of Williamson County also comprises fraud. Our supreme court has held that such a "failure to receive notice of the tax-deed proceeding does not, *per se*, entitle [one] to have the deed set aside. [Citation.] Nor does the fact that respondent's

agent could have made more thorough inquiry and a more diligent search than he did necessarily establish fraud on the part of respondent in the absence of proof of wrongful intent or a pattern of deception." *Zeve v. Levy* (1967), 37 Ill. 2d 404, 409.

Appellants rely on *Shockley v. Good* (1958), 13 Ill. 2d 298, 148 N.E.2d 763. However, in *Shockley* the tax deed purchaser had deliberately and fraudulently avoided questioning persons whom he had reason to know would provide him with knowledge of the whereabouts of the owners of record. No such conduct on the part of the Choates has been alleged here. Hence the *Shockley* case is distinguishable. *Payne v. Williams* (1980), 91 Ill. App. 3d 336, 414 N.E.2d 836, on which appellants also rely, is distinguishable from the instant case in that *Payne* involved an extended social interaction between the tax deed purchaser and the owner of record who had nonetheless failed to receive personal service of notice. The case *sub judice* presents neither the ostrich-like behavior in *Shockley* nor the actual knowledge of the record owners' whereabouts in *Payne*. The standard of review for a trial court's denial of a section 72 petition is whether the trial court has abused its discretion. (*Taxman v. Health & Hospital Governing Com.* (1980), 83 Ill. App. 3d 499, 502, 404 N.E.2d 419.) We conclude that the trial court's finding that the 1965 proceeding was not tainted by fraudulent concealment was supported by the evidence and hence the denial of the section 72 petition was not an abuse of discretion.

■■ Appellants next contend that the trial court's decision violates the requirements of article IX, section 8(b) of the Illinois Constitution and the due process provision of the United States Constitution, in that the Coles did not actually receive personal notice of the 1965 tax deed proceedings. Article IX, section 8(b) of the Illinois Constitution provides in pertinent part that the "[o]wners, occupants and parties interested shall be given reasonable notice of the sale and the date of expiration of the period of redemption as the General Assembly provides by law." (Ill. Const. 1970, art. IX, §8(b).) A three-judge Federal district court answered this question; to the extent the Federal Constitution is implicated, in *Catoor v. Blair* (N.D. Ill. 1973), 358 F. Supp. 815. The *Catoor* court held that the Illinois tax deed system did not offend due process because the provisions for notice and redemption "must be deemed constitutionally adequate when weighed against the legitimate interest of the state in collecting its taxes." (*Catoor v. Blair*, 358 F. Supp. 815, 817.) We also find this reasoning to be dispositive of the question now before us regarding the Illinois Constitution and hold that notice by publication is reasonable notice under article IX, section 8(b) of the Illinois Constitution and the facts of the instant case. See *Greenwald v. McCarthy* (1948), 402 Ill. 135, 143, 83 N.E.2d 491.

Therefore, we affirm the order of the circuit court of Williamson County.

Affirmed.

KARNS and WELCH, JJ., concur.