VIRGINIA J. ELLIOTT, Plaintiff-Appellant, v. DEAN L. JOHNSON, Defendant-Appellee.—*In re* APPLICATION OF COUNTY COLLECTOR OF CARROLL COUNTY (Virginia J. Elliott, Petitioner-Appellant, v. Dean L. Johnson, Respondent-Appellee).

Second District   Nos. 2—86—0822, 2—86—0823 cons.

Opinion filed May 29, 1987.

John F. Mitchell, of Mt. Carroll, for appellant.

C. Ronald Cook & Associates, of Sandwich, for appellee.

JUSTICE NASH delivered the opinion of the court:

In separate appeals, which we have consolidated for opinion, plaintiff, Virginia J. Elliott, seeks reversal of judgments entered in the circuit court in favor of defendant Dean L. Johnson, who acquired plaintiff's real estate by a tax deed.

Circuit court cause No. 86 CH 5 was a suit to quiet title to her property brought by plaintiff in which she sought to have a tax deed issued to defendant by the county clerk of Carroll County to be declared void. Defendant's motion to dismiss plaintiff's complaint was

granted as an improper collateral attack upon the judgment directing issuance of the tax deed. Circuit court cause No. 78—TX—1—16 was a petition for relief from judgment brought by plaintiff pursuant to section 2—1401 of the Civil Practice Law (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401) which the trial court dismissed on motion of defendant as untimely. Both actions are directed to the same real estate and tax deed to it issued to defendant.

Facts common to both actions are that the subject real estate, which plaintiff owned and in which she resided with her daughter, was sold for $330.84 at the annual tax sale held in Carroll County on November 13, 1978, for unpaid general taxes for the 1977 tax year. The purchaser, E & D Investments, was issued a tax certificate, which it subsequently assigned to defendant. Thereafter, on July 21, 1981, defendant filed a petition for a tax deed in cause No. 78—TX—1—16 in which he alleged that the subject property had not been redeemed from the tax sale and that he had given all notices required by law (see Ill. Rev. Stat. 1981, ch. 120, par. 744). The petition prayed that should the real estate not be redeemed from the sale by November 13, 1981, when the time for redemption would expire, that an order for issuance of a tax deed be entered.

On December 4, 1981, at a hearing before the circuit court, defendant's attorney represented that all notices required by law had been given (see Ill. Rev. Stat. 1981, ch. 120, pars. 744, 747) and filed with the court. Copies of such notices and publications made, together with proof of service upon plaintiff and other interested parties, are in the record of this case. The trial court entered an order on December 21, 1981, for issuance of a tax deed in which it found that the court had jurisdiction of the subject matter and all interested parties. It further found that the time for redemption from the tax sale had expired without redemption; that all taxes and assessments subsequent to that sale had been paid; that all notices required in such proceedings by the Revenue Act of 1939 (Ill. Rev. Stat. 1981, ch. 120, pars. 744, 747) had been given in the manner required by law; and that petitioner had complied with all the provisions of law entitling him to a deed. The tax deed was thereafter issued to defendant by the county clerk on November 10, 1982.

Plaintiff did not appear either personally or by counsel at any stage of the tax deed proceedings prior to entry of the judgment on December 21, 1981, directing issuance of the tax deed.

Subsequently, on March 19, 1986, plaintiff commenced her action to quiet title (No. 86 CH 5) and on April 7, 1986, filed a petition for relief from judgment pursuant to section 2—1401 of the Civil Practice

Law (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401) in the tax proceedings (No. 78—TX—1—16). By orders entered in these separate cases on June 10, 1986, the trial court dismissed each of them with prejudice, and these appeals followed.

## QUIET TITLE ACTION

In count I of her complaint, plaintiff essentially alleged that there was an invalid extension of the time for redemption made in the tax deed proceeding in that the subject real estate was erroneously described as being upon the north side of Bowen Street rather than upon the south side of the street. Plaintiff alleged that, as a result, the tax deed was not filed in a timely manner and was void, constituting a cloud upon plaintiff's title. In count II, plaintiff sought relief on due process grounds premised upon the alleged mislocation of her property in the notice served upon her in the proceedings. In count III, plaintiff sought relief on general equitable grounds alleging she did not receive actual notice of a tax delinquency and the notice served mislocated the property.

■ The trial court dismissed plaintiff's complaint in this action on defendant's motion as an improper collateral attack upon the judgment of the trial court issuing the tax deed. We agree. Section 266 of the Revenue Act (Ill. Rev. Stat. 1985, ch. 120, par. 747) provides in relevant part:

"Tax deeds issued pursuant to this Section are incontestable except by appeal from the order of the court directing the county clerk to issue the tax deed. However, relief from such order may be had under Section 2—1401 of the Code of Civil Procedure, as amended, in the same manner, upon the same grounds and to the same extent as may be had under that Section with respect to final orders, and judgments in other proceedings." (Ill. Rev. Stat. 1985, ch. 120, par. 747.)

In view of the statutory requirement that a tax deed may be challenged only by direct appeal or by a motion pursuant to section 2—1401, plaintiff's complaint was correctly dismissed. *Vulcan Materials Co. v. Bee Construction* (1983), 96 Ill. 2d 159, 165-66, 449 N.E.2d 812; *Smith v. D.R.G., Inc.* (1976), 63 Ill. 2d 31, 36, 344 N.E.2d 468; *Choate v. Unknown Heirs & Devisees of O. S. Cole* (1981), 103 Ill. App. 3d 1, 3, 430 N.E.2d 504.

## SECTION 2—1401 PETITION

In the petition for relief from the judgment directing issuance of the tax deed which she filed on April 7, 1986, plaintiff alleged that

the notices given in the tax proceeding were misleading in describing the location of the property; that she paid all taxes levied against it during the redemption period; that defendant fraudulently represented to the court that the property was vacant; and she was not given notice within 30 days after the entry of the judgment on December 21, 1981. Plaintiff also alleged that after entry of the judgment, she entered into discussions with defendant for resolution of the matter in which defendant admitted a mistake had been made which could be amicably resolved. Those negotiations continued during the two-year time period provided for in section 2—1401(c), but ceased thereafter. Plaintiff alleged further that she has a meritorious defense and exercised due diligence in seeking relief from the judgment.

Before considering the merits of plaintiff's petition for relief under section 2—1401, we must first determine whether her petition was timely. Section 2—1401 offers relief from final orders and judgments after 30 days from the entry thereof, but provides, in part:

> "(c) The petition must be filed not later than 2 years after the entry of the order or judgment. Time during which the person seeking relief is under legal disability or duress or the ground for relief is fraudulently concealed shall be excluded in computing the period of 2 years.
>
> * * *
>
> (f) Nothing contained in this Section affects any existing right to relief from a void order or judgment, or to employ any existing method to procure that relief." Ill. Rev. Stat. 1985, ch. 110, pars. 2—1401(c), (f).

Plaintiff does not argue that the judgment was void, and her challenge, even if successful, would at most render the judgment voidable. A tax sale proceeding is *in rem*, and the court acquires jurisdiction over the land when the county collector makes his application for judgment and order for sale. (*Vulcan Materials Co. v. Bee Construction* (1983), 96 Ill. 2d 159, 165, 449 N.E.2d 812.) In a tax deed proceeding, a determination of whether a party has been given the notice required goes to whether the court should order the tax deed to issue and not to whether the court has jurisdiction in the proceeding. (*Smith v. D.R.G., Inc.* (1976), 63 Ill. 2d 31, 35-36, 344 N.E.2d 468.) Under no circumstances could an incorrect description of the property as set forth in the notice received by plaintiff render the judgment void.

Furthermore, plaintiff's argument that she lived on the premises located on the property at issue and that defendant fraudulently

represented to the trial court that the property was vacant still would not render the judgment void. Even if defendant had fraudulently misrepresented this fact to the trial court, any fraud committed after jurisdiction has been acquired will not render the court's order void. *Vulcan Materials Co. v. Bee Construction* (1983), 96 Ill. 2d 159, 165, 449 N.E.2d 812.

■ Having concluded that the judgment at issue is not void, it must next be determined if there was fraudulent concealment such that it tolled the two-year limitations period of section 2—1401 (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401). Fraudulent concealment of a ground for relief under section 2—1401 must be something of an affirmative character, designed to prevent, and which does prevent, the discovery of the ground for relief. (*Lubbers v. Norfolk & Western Ry. Co.* (1986), 147 Ill. App. 3d 501, 511, 498 N.E.2d 357.) We cannot accept plaintiff's argument that defendant's representations that a solution could be worked out amounted to fraudulent concealment sufficient to toll the two-year limitations period. Mere silence or a failure to disclose a judgment does not amount to fraudulent concealment. (*Halas v. Executor of Estate of Halas* (1983), 112 Ill. App. 3d 940, 950, 445 N.E.2d 1264, *aff'd* (1984), 104 Ill. 2d 83, 470 N.E.2d 960.) Certainly, here, where defendant did not maintain silence about the judgment, but rather entered into talks with plaintiff about it and represented that a solution might be reached, plaintiff cannot maintain that she was unaware of the ground for relief. The fact that defendant indicated that the problem might be worked out agreeably, even if made without a true intention by him to carry out the promise, could not act to conceal the cause of action or the ground for relief which plaintiff could pursue.

As plaintiff's petition pursuant to section 2—1401 (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401) was not timely brought, the trial court properly dismissed it. In view of our disposition of this issue, it is unnecessary to review the merits of the petition for relief.

Accordingly, the judgments of the circuit court of Carroll County are affirmed in each appeal.

Affirmed.

DUNN and INGLIS, JJ., concur.