194 Ill. App.3d 721 (1990)
551 N.E.2d 343
In re APPLICATION OF THE COUNTY TREASURER AND EX OFFICIO COUNTY COLLECTOR OF COOK COUNTY, ILLINOIS, FOR ORDER AND JUDGMENT OF SALE OF LANDS AND LOTS UPON WHICH ALL OR A PART OF THE GENERAL TAXES FOR 5 OR MORE YEARS ARE DELINQUENT PURSUANT TO SECTION 235a OF THE REVENUE ACT OF 1939, AS AMENDED (Pioneer Bank & Trust Company, as Trustee, et al., Petitioners-Appellants,
v.
Joseph Zadik, Respondent-Appellee).
No. 1-88-3736.
Illinois Appellate Court  First District (5th Division).
Opinion filed February 16, 1990.
Rehearing denied March 19, 1990.
*722 John W. Lally, of Chicago, for appellants.
Bruce M. Buyer, of Chicago, for appellee.
Order affirmed.
JUSTICE MURRAY delivered the opinion of the court:
Petitioners Pioneer Bank & Trust Co., the trustee under trust No. 23678, and Easy Life Real Estate and Management Co., the beneficiary of the trust (hereinafter referred to as Pioneer), appeal from an order of the circuit court of Cook County dismissing their "motion to vacate void judgment and tax deed." The basis of their arguments on appeal is that respondent, Joseph Zadik, fraudulently concealed their existence as owners of property that he purchased in a tax sale and for which he subsequently was granted a tax deed. For the reasons set forth below, we affirm.
On June 27, 1983, Zadik purchased property located at 1427-31 North Paulina in Chicago for general taxes owed to the State of Illinois for the years 1976 to 1980. On August 9, 1983, the circuit court of Cook County entered an order confirming the sale. On October 4, 1983, Zadik ordered a title commitment from the Chicago Title and Trust Company, which ultimately indicated Jose and Dominga Lopez as parties in interest to the property. On January 23, 1984, Zadik filed a petition for a tax deed to the property. On the same day, he had a notice published in the Chicago Daily Law Bulletin, announcing that a petition for a tax deed to the property had been filed and that the expiration date for redemption of the property was July 31, 1984. The notice, which was addressed to Jose and Dominga Lopez, the record *723 owners of the property, and "unknown owners or parties interested in said land or lots," was also published on April 13, 16 and 17, 1984.
On August 17, 1984, a hearing on Zadik's petition was conducted. Zadik testified that personal service of notice on the Lopezes was unsuccessful. Zadik also stated that he and his attorney had checked the records of the recorder of deeds and county assessor's offices to determine the existence of any interested parties or newly interested parties in the property. He further testified that he had paid the taxes on the property for the years 1981, 1982 and 1983.
On September 28, 1984, the trial court entered an order granting Zadik a tax deed to the property. Four years later, Pioneer filed a motion to vacate the order awarding Zadik the tax deed and to declare it null and void. In its motion, Pioneer asserted that on January 4, 1984, the property had been conveyed to it by the Lopezes and that its deed was filed with the recorder of deeds office on January 11, 1984. Pioneer further alleged that it was a necessary party to Zadik's petition for a tax deed and entitled to notice by actual service of process. Accordingly, it contended that the order awarding the tax deed was void since Zadik failed to "name, sue or serve" it. Lastly, Pioneer claimed that it was not time barred from filing its section 2-1401 motion (Ill. Rev. Stat. 1987, ch. 110, par. 2-1401) because that section sets no time limit on setting aside void orders.
Zadik subsequently filed a motion to strike and dismiss Pioneer's post-judgment motion, arguing that the motion failed to state a cause of action. In response, Pioneer filed a "Reply Brief" claiming that the 1984 judgment order was void because of Zadik's failure to include it as an indispensible party and that the two-year limitation period for bringing a post-judgment motion after entry of a judgment pursuant to section 2-1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2-1401) was tolled "because of fraudulent concealment in the tax buyer's [Zadik's] testimony."
On December 6, 1988, the trial court granted Zadik's motion to strike and dismiss Pioneer's section 2-1401 motion. This appeal followed.
Pioneer argues before this court that (1) the in rem jurisdiction obtained by the trial court over property is not a "license to ignore due process nor grab property without notice to the owner" and (2) "a tax buyer may not fraudulently conceal the record owner from the trial judge."
We first observe that the Revenue Act relating to tax sales and tax deeds provides that tax deeds issued pursuant to the Act are incontestable except by direct appeal from the order directing the *724 county clerk to issue the deed. (Ill. Rev. Stat. 1987, ch. 120, par. 474.) Relief also may be sought, however, pursuant to section 2-1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2-1401), allowing for post-judgment relief.
 1, 2 In the instant case, Pioneer did not file a direct appeal from the 1984 judgment, and this remedy is unavailable to it. Instead, Pioneer sought relief pursuant to section 2-1401, which provides, in pertinent part:
"(a) Relief from final orders and judgments, after 30 days from the entry thereof, may be had upon petition as provided in this Section. * * *
(b) The petition must be filed in the same proceeding in which the order or judgment was entered but is not a continuation thereof. The petition must be supported by affidavit or other appropriate showing as to matters of record. * * *
(c) The petition must be filed not later than 2 years after the entry of the order or judgment. Time during which the person seeking relief is under legal disability or duress or the ground for relief is fraudulently concealed shall be excluded in computing the period of 2 years.

* * *
(f) Nothing contained in this Section affects any existing rights from a void order or judgment, or to employ any existing method to procure that relief." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 110, par. 2-1401.)
Under its section 2-1401 motion, Pioneer's first "argument" includes its contention that the trial court lacked jurisdiction to enter the order granting the tax deed because it was an indispensible party to the proceedings and was not named, sued or served with actual notice and, accordingly, the court's order was void.
 3, 4 It is well settled that a tax sale is an in rem action and a court acquires jurisdiction after the county collector makes his application for judgment and order of sale. (Vulcan Materials Co. v. Bee Construction (1983), 96 Ill.2d 159.) In a tax deed proceeding, a determination of whether a party has been given the notice required goes to whether the court should order the tax deed to issue, not to whether the court has jurisdiction in the proceeding. (Smith v. D.R.G., Inc. (1976), 63 Ill.2d 31.) Accordingly, in the instant case, whether Pioneer had no notice of and was an indispensible party to the tax deed proceedings does not go to the jurisdiction of the trial court to enter its order. Pioneer's argument that the court's order was void for lack of jurisdiction is therefore without merit.
*725  5 We must also reject Pioneer's second argument pursuant to its section 2-1401 motion that the two-year limitation period within which to file its post-judgment motion was tolled as a result of Zadik's alleged fraudulent concealment from the trial court of its existence as the owner of the property. Our review of the record reveals that Pioneer simply did not allege that it was under a legal disability or duress or that its ground for relief was fraudulently concealed at the time of the proceedings on Zadik's petition, as required by section 2-1401. Instead, all that Pioneer's motion alleged was that the property was conveyed to it by the Lopezes and that the deed thereto was filed with the recorder of deed's office on January 11, 1984; Pioneer did not allege or plead fraud, but rather suggested omission or mistake by Zadik in not discovering its ownership of the subject property. Moreover, it is well settled that the "fraudulent concealment" that tolls the two-year limitation period must be of an affirmative character, designed to prevent and which does prevent discovery. (Elliott v. Johnson (1987), 156 Ill. App.3d 70.) More particularly, as stated by our supreme court in Exline v. Weldon (1974), 57 Ill.2d 105, 110-11:
"The concept of fraud `implies a wrongful intent  an act calculated to deceive.' [Citation.] The failure to attain knowledge concerning certain facts is not necessarily indicative of a lack of diligent inquiry [citation]; and, even if a more persistent effort could have been made in the conduct of the search and inquiry, this is not proof of fraud unless there exists evidence of wrongful intent or a deceptive design. [Citation.] Decisions of this court have upheld the validity of the tax-deed proceedings under varying circumstances. Analyzing the diverse factors in each is unnecessary. It is sufficient to note that the burden is upon the owner to establish the invalidity of the procedure."
Additionally, the court has also stated that "[t]he failure to discover a particular fact does not, in and of itself, indicate a lack of diligent inquiry * * *, and neither is it a conclusive indication of fraud." Dahlke v. Hawthorne, Lane & Co. (1966), 36 Ill.2d 241, 246. See also Urban v. Lois, Inc. (1963), 29 Ill.2d 542 (where a mortgagee was omitted from the list of persons having an interest in the premises for which a tax deed was sought, the omission was held insufficient to justify setting aside the tax deed); Shapiro v. Hruby (1961), 21 Ill.2d 353 (where the failure to search the Torrens records was the basis of a claim for fraud, the failure to do so was held insufficient to set aside the tax deed).
 6 Here, it is clear that Pioneer did not allege an affirmative failure to disclose by Zadik. We further observe, as pointed out by Zadik, *726 that Pioneer's motion was not verified and does not allege or show by an affidavit or otherwise that Zadik knew it was the titleholder of the property and concealed this fact from the trial court. We therefore hold that Pioneer's section 2-1401 motion was, as argued by Zadik, insufficient to state a cause of action as a matter of law.
Finally, we briefly note the failure of Zadik to discover the Lopezes' conveyance of their property to Pioneer is not any more incredible than Pioneer's failure, or its copetitioner Easy Life Real Estate and Management Co., allegedly a buyer of property sold for taxes, to be unaware of the tax sale of the subject property to Zadik and his notices for application for a tax deed at the time. We further observe that had petitioners attempted to pay the annual taxes on the property subsequent to the issuance of the tax deed, as they were legally obligated to do, they would have been able to timely file a section 2-1401 motion. We also note that even if Pioneer had properly pleaded concealment/fraud, the trial court's order would be rendered voidable, not void. Accordingly, Pioneer would be required to satisfy the jurisdictional requirement under section 2-1401 that it acted diligently in pursuing its rights. More particularly, as our supreme court stated in Brockmeyer v. Duncan (1960), 18 Ill.2d 502, 505, in discussing the requirements of section 72, now section 2-1401:
"A trial court cannot review its own order or judgment and correct the same, either as to any question of fact found or decided by the court or as to any question of law decided by it after the expiration of thirty days. [Citation.] A petition under section 72 of the Civil Practice Act is therefore the filing of a new action; and it is necessary, as in any civil case, that the petitioner allege and prove a right to the relief sought. Where the petition fails to state a cause of action or shows on its face that the petitioner is not entitled to the relief sought, it is subject to a motion to dismiss. [Citation.] Assuming that the present petition alleges facts which would otherwise justify the granting of relief, the absence of any excuse for not asserting them in apt time must preclude it. The rule is well established that a person may not avail himself of the present remedy unless he shows that through no fault or negligence of his own, the error of fact or the existence of a valid defense was not made to appear to the trial court. [Citations.] Such a motion or petition is not intended to relieve a party from the consequences of his own mistake or negligence."
Here, Pioneer's motion was devoid of any allegation requiring the tolling of the running of the statutory period.
*727  7 Lastly, we find it unnecessary to address Pioneer's argument that it was denied due process of law since its section 2-1401 motion did not plead or raise this issue in the trial court and, accordingly, it is waived. See In re Application of Cook County Treasurer & Ex-Officio Collector (1983), 119 Ill. App.3d 212.
For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.
Affirmed.
COCCIA, P.J., and GORDON, J., concur.