GENE WILDER *et al.*, Plaintiffs-Appellants, v. MICHAEL E. FINNEGAN *et al.*, Defendants-Appellees.

Fifth District   No. 5—94—0024

Opinion filed November 7, 1994.

William Rudert, of Vienna, for appellants.

Glenn R. Tetzlaff, of Marion, for appellees.

JUSTICE WELCH delivered the opinion of the court:

Plaintiffs, George W. Dodds, the record owner, and Gene Wilder, the contract purchaser from Dodds, filed an action in the circuit court of Johnson County in three counts seeking: to quiet title in them to certain real estate described as the west part of the northwest quarter of the southwest quarter of section 31, Tunnel Township, Johnson County, Illinois, containing 17.2 acres; ejectment of defendants, Michael E. Finnegan, Pamela S. McAnelley, and Jerry D. Stewart, from the above-described real estate and damages, rents, and profits; and an injunction against defendants crossing other land of plaintiffs to reach the above-described real estate in dispute. After hearing evidence and argument, the trial court ruled in favor of defendants on all counts. For reasons which follow, we affirm.

Plaintiff Dodds had acquired record title to the property in 1962 by a deed from John Monroe which conveyed a total of 395 acres. The 17.2 acres in dispute are located within, and surrounded by, the remainder of Dodds' land. In 1990, Dodds and Wilder entered into a contract for deed whereby Wilder was to purchase the entire 395 acres from Dodds. Unbeknownst to plaintiffs, the 17.2 acres described above had been sold in a tax proceeding, and a tax deed had been issued in 1981 to Carl Barnett. The 17.2 acres were eventually conveyed to defendants in 1990.

A painstaking review of the record reveals that, for unknown reasons, taxes on the 17.2 acres had never been assessed to plaintiff Dodds but had continued to be assessed in the name of a previous record owner who had conveyed the property in 1913 and died in 1928. Accordingly, although Dodds had paid all tax bills he had received, he had never paid taxes on the 17.2 acres. For some years,

the taxes on the 17.2 acres continued to be paid by unknown parties, but the 1975 taxes were unpaid and the property was sold at a tax sale.

Plaintiffs' claims to quiet title and for ejectment rest on their argument that the tax deed to Carl Barnett, issued in 1981, is void because the tax-deed petitioner, Carl Barnett, wholly failed to follow the most essential statutory requirements for the issuance of a valid tax deed. Specifically, Dodds claims that not only did he, as record owner of the property, never receive notice of the tax-deed proceeding, but Barnett never made any effort, much less diligent inquiry, to discover the name or address of the record owner, which would have been easily disclosed by the county real estate records.

It is true that the record of the tax-deed proceeding does not indicate any attempt to discover or notify the record owner, other than the order directing issuance of a tax deed, signed by a judge of the first judicial circuit, which recites that all notices required by law had been given in the manner and form and within the time provided by law and that petitioner had complied with all of the provisions of law entitling him to a deed. It has been held that where such a finding of compliance has been entered, it will thereafter be presumed that satisfactory proof of this fact was presented to the court even though such evidence is not preserved in the record. *Novak v. Smith* (1990), 197 Ill. App. 3d 390, 397, 554 N.E.2d 652, 655; *Dahlke v. Hawthorne, Lane & Co.* (1966), 36 Ill. 2d 241, 245, 222 N.E.2d 465, 467.

It is well settled by statute and case law that tax deeds are incontestable except by direct appeal or by a petition for postjudgment relief pursuant to section 2—1401 of the Code of Civil Procedure (735 ILCS 5/2—1401 (West 1992)). (35 ILCS 205/266 (West 1992); *In re Application of Cook County Collector* (1991), 228 Ill. App. 3d 719, 729, 593 N.E.2d 538, 546.) Petitions for postjudgment relief must be brought within two years of the entry of the order from which relief is sought and must be filed in the same proceeding in which that order was entered. Accordingly, a suit to quiet title brought more than two years after entry of the order from which relief is sought is an improper method of challenging a tax deed. (See *Choate v. Unknown Heirs & Devisees of Cole* (1981), 103 Ill. App. 3d 1, 3, 430 N.E.2d 504, 506.) We note that there is no allegation or evidence that plaintiffs were under a legal disability or duress or that the "ground for relief" from the order directing issuance of a tax deed was fraudulently concealed so as to toll the two-year limitation of section 2—1401. See 735 ILCS 5/2—1401(c) (West 1992).

Plaintiffs argue, however, that the order of the trial court in the tax-deed proceeding directing issuance of the tax deed is void because

the tax-deed petitioner's failure to exercise diligence to identify and notify the record owner deprived the court of jurisdiction. Although a void order can be attacked at any time and is from its inception a complete nullity and without legal effect, an order is not void merely because of an error or impropriety. (*Application of Cook County Collector*, 228 Ill. App. 3d at 731, 593 N.E.2d at 547.) An order is void only where the court which entered it lacked jurisdiction, exceeded its authority, or lacked the inherent power to enter the order. (*Application of Cook County Collector*, 228 Ill. App. 3d at 731, 593 N.E.2d at 547.) There is no question that the trial court which ordered the issuance of the tax deed here had jurisdiction, authority, and inherent power to enter the order.

It is well settled that a tax sale is an *in rem* action, and a court acquires jurisdiction after the county collector makes his application for judgment and order of sale. (*In re Application of County Treasurer & Ex Officio County Collector* (1990), 194 Ill. App. 3d 721, 724, 551 N.E.2d 343, 346.) It is the jurisdiction over the land itself that gives the county court the power to act. (*Novak v. Smith* (1990), 197 Ill. App. 3d 390, 395, 554 N.E.2d 652, 655.) Thus, a determination of whether a party has been given the notice required goes to whether the court should order the tax deed to issue and not to whether the court has jurisdiction in the proceeding. (*In re Application of County Treasurer*, 194 Ill. App. 3d at 724, 551 N.E.2d at 346.) The failure of the tax-deed petitioner to give the notices required by statute will neither divest the court of jurisdiction nor prevent it from finding that all the necessary notices have been given and directing that a tax deed issue. (*In re Application of County Treasurer* (1977), 51 Ill. App. 3d 697, 702, 366 N.E.2d 511, 515, *aff'd* (1978), 72 Ill. 2d 317, 381 N.E.2d 260.) Even where the finding that the required notices had been given is in error, it does not divest the court of jurisdiction to issue the tax deed, which jurisdiction the court acquired when the county collector made an application for judgment and order of sale of the property. *Dickey*, 51 Ill. App. 3d at 702-03, 366 N.E.2d at 516.

■ Accordingly, plaintiffs' argument that the court's order directing issuance of a tax deed was void for lack of jurisdiction is without merit. In order to prevail in a suit for ejectment or to quiet title, plaintiffs must prove title superior to that of defendants. (*Bulatovic v. Dobritchanin* (1993), 252 Ill. App. 3d 122, 128, 625 N.E.2d 26, 32; *Lakeview Trust & Savings Bank v. Estrada* (1985), 134 Ill. App. 3d 792, 812, 480 N.E.2d 1312, 1327.) Because defendants held title to the 17.2 acres through a valid tax deed, and because that deed is now incontestable, plaintiffs were not entitled to judgment in ejectment or to have title quieted in their names. Accordingly, we

affirm the trial court's judgment in favor of defendants on counts II (ejectment) and III (quiet title) of plaintiffs' amended complaint.

■ Plaintiffs also argue that defendants' deed is void because it contains an insufficient legal description. That deed purports to convey: "a part of the West Half of the Northwest Quarter of the Southwest Quarter of Section 31, Township 11 South, Range 3 East of the third principal meridian, containing 17.2 acres more or less. Situated in the County of Johnson and the State of Illinois." Plaintiffs argue that this description fails to describe the land with any definitely ascertainable location or boundary. Although section 4a of the Conveyances Act (765 ILCS 5/4a (West 1992)), as well as case law (*Chicago & Alton R.R. Co. v. Langer* (1919), 288 Ill. 16, 21-22, 123 N.E. 61, 63), requires that real estate be conveyed with sufficient legal description to identify the land, we find that the deed in question here contains a sufficient legal description to identify the land conveyed to defendants. Although the deed describes the land conveyed as "a *part* of the West Half *** containing 17.2 acres more or less" (emphasis added), a review of the exhibits contained in the record on appeal discloses that the *entire* west half of the northwest quarter of the southwest quarter contains approximately 17.95 acres. It is clear that the deed to defendants is intended to convey the entire west half of the northwest quarter of the southwest quarter of section 31, and the legal description contained therein is sufficient to identify the land conveyed. Accordingly, the deed to defendants is not void.

Finally, plaintiffs argue that the trial court's denial of their claim for injunction prohibiting defendants from crossing their land to access their own 17.2 acres is against the manifest weight of the evidence. The trial court denied plaintiffs' claim for an injunction, based on its finding that defendants held an easement by necessity over the land of plaintiffs. We affirm the trial court's denial of plaintiffs' claim for injunction, but for a reason different than that relied upon by the trial court. Of course, this court may affirm the judgment of the trial court upon any ground appearing of record, regardless of whether it was relied upon by the trial court and regardless of whether the reason given by the trial court was correct. *Material Service Corp. v. Department of Revenue* (1983), 98 Ill. 2d 382, 387, 457 N.E.2d 9.

The evidence at trial reveals that plaintiff Dodds gave defendant Finnegan oral permission to cross plaintiffs' land to reach defendants' 17.2 acres. At the time Dodds gave such permission, he was not aware that defendants' land was land which he thought he owned. Dodds believed that the land to which defendants wanted access was land adjoining plaintiffs' land. While there was some dispute at trial as to the precise location at which defendants were to cross plaintiffs' land

and whether defendants established their road in the location for which permission was granted, the trial court resolved this factual issue in favor of defendants and its finding is not against the manifest weight of the evidence. Dodds testified that he did not intend to give defendants a permanent easement and that the permission was not given in writing. However, no time limit was set on the permission. Dodds gave Finnegan oral permission to take a travel trailer or camper over his land to place it on defendants' land. Dodds did not give defendants permission to build or improve the roadway and did not anticipate that they would do so. Defendants did improve the roadway with dozing, gravel, and a culvert at a cost of $700 or $800. Defendants testified that these improvements were necessary to use the roadway. Defendants also extended the roadway 100 yards to an old barn on plaintiffs' property at the request of plaintiffs' caretaker. Plaintiffs did not use this portion of the roadway. Defendants placed a 17-foot trailer on their property and built a porch attached to it. It is undisputed that there is no access to defendants' property other than across the property of plaintiffs.

This case is remarkably similar to *Martin v. See* (1992), 232 Ill. App. 3d 968, 598 N.E.2d 321. In that case, the trial court found that plaintiffs had an implied easement by way of necessity across defendant's land to access their own land. This court affirmed the judgment of the trial court in favor of plaintiffs, but for a different reason. This court found that the trial court was incorrect in finding an implied easement by way of necessity across defendant's land, but that the plaintiffs had instead an irrevocable license to cross defendant's land to reach their own.

A license in respect to real property is permission to do an act upon the land of another without possessing any estate or interest in such land. (*Martin*, 232 Ill. App. 3d at 981, 598 N.E.2d at 330.) A parol license is revocable, although a consideration has been paid or expenditures have been made on the faith of the agreement, except when revocation would operate as a fraud upon the licensee. (*Martin*, 232 Ill. App. 3d at 981, 598 N.E.2d at 330.) In *Martin*, this court found that to allow revocation of the license would deny plaintiffs reasonable access to their property, rendering the land useless, of which defendant was aware when he sought to revoke the license. (*Martin*, 232 Ill. App. 3d at 982, 598 N.E.2d at 330-31.) Accordingly, the court found that plaintiffs were entitled to an irrevocable license to use defendant's roadway.

In the instant case, plaintiff Dodds granted defendants a license to use a roadway across plaintiffs' property by giving them permission to use it. This license is revocable by plaintiffs unless to

allow its revocation would operate as a fraud upon the defendants. We find that just such a fraud would result upon revocation of the license in the instant case.

A survey of the case law on this issue reveals several common factors which militate against allowing revocation of a license: expenditure of large sums of money on improving the property subject to the license; whether revocation of the license will deprive the licensee of access to his property; and whether the licensor benefits from the licensee's improvements. (See, *e.g.*, *Lang v. Dupuis* (1943), 382 Ill. 101, 109, 46 N.E.2d 21, 25; *Mueller v. Keller* (1960), 18 Ill. 2d 334, 343-44, 164 N.E.2d 28, 33-34; *Petersen v. Corrubia* (1961), 21 Ill. 2d 525, 532, 173 N.E.2d 499, 504.) In *Grigoleit, Inc. v. Board of Trustees* (1992), 233 Ill. App. 3d 606, 614, 599 N.E.2d 51, 56, this court listed the requirements of the fraud exception to the revocability of licenses as: (1) the licensee has spent substantial sums of money, which was induced by the affirmative efforts of the licensor; (2) improvements that the licensee made were at least partly for the benefit of the licensor; and (3) revocation would result in an injury that would amount to great wrong and oppression.

It is apparent in the instant case that these requirements have been met. The licensees/defendants spent substantial sums of money improving the property based on Dodds' permission to use it for access to their property. The improvements which the licensees/defendants made were partly for the benefit of the licensors/plaintiffs as the improved roadway traversed plaintiffs' land and defendants extended the road to a barn on plaintiffs' property. Certainly, revocation of the license would amount to great wrong and oppression by denying defendants not only *reasonable* access to their property, but *all* access to their property, rendering their property useless. Accordingly, we conclude that defendants are entitled to an irrevocable license to cross plaintiffs' property to gain access to their own. The trial court's denial of plaintiffs' claim for an injunction against such use is not against the manifest weight of the evidence.

For the foregoing reasons, the judgment of the circuit court of Johnson County is affirmed.

Affirmed.

CHAPMAN and RARICK, JJ., concur.