SECOND DIVISION
NOVEMBER 25, 2008

1-07-1977

| | | |
|---|---|---|
| *In re* APPLICATION OF THE COUNTY TREASURER | ) | Appeal from the |
| AND EX-OFFICIO COUNTY COLLECTOR OF COOK | ) | Circuit Court of |
| COUNTY, ILLINOIS FOR ORDER OF JUDGMENT | ) | Cook County. |
| AND SALE OF LANDS AND LOTS RETURNED | ) | |
| DELINQUENT FOR NON-PAYMENT OF ALL OR | ) | |
| PART OF GENERAL TAXES AND/OR SPECIAL | ) | |
| ASSESSMENTS FOR TAX YEAR 1997 AND | ) | |
| PRIOR YEARS | ) | |
| | ) | |
| (Danny Hammond, | ) | No. 01 CD 4489 |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| S. I. BOO, L.L.C., and KYONNI OLAWUMI, | ) | Honorable |
| | ) | Nathaniel Howse, Jr., |
| Respondents-Appellees). | ) | Judge Presiding. |

JUSTICE CUNNINGHAM delivered the opinion of the court:

Following the sale of petitioner Danny Hammond's real property due to delinquent unpaid taxes, the circuit court entered judgment for tax deed in favor of respondent S. I. Boo, L.L.C. (S. I. Boo). The petitioner then filed a petition to vacate the judgment for tax deed, which the circuit court dismissed. On appeal from the circuit court's April 26, 2007 dismissal of his petition under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West Supp. 2007)) to vacate judgment for tax deed, the petitioner contends that: (1) the tax deed is void; and (2) the circuit court exceeded its authority and lacked the power to enter the tax deed order. For the following reasons, we affirm.

BACKGROUND

Beginning in 1997, the petitioner owned a home in Chicago Heights.[1]  The failure to pay county taxes in 1997 resulted in the lot being sold to S. I. Securities on March 16, 1999.  A "Take Notice" (notice) was then personally served on the petitioner on November 2, 2001, which stated that the petitioner could redeem the property before February 27, 2002, and described the process for doing so.  The notice also gave information about a hearing to be held at the "Richard J. Daley Center, Chicago, Illinois" on March 13, 2002, but did not provide the address of the Richard J. Daley Center.  The petitioner subsequently failed to redeem the property within the time allowed as outlined in the notice.

As a result, the circuit court entered judgment for tax deed in favor of respondent S. I. Boo, L.L.C. (S. I. Boo) on May 10, 2002, and the tax deed for the property was recorded.  The property was later sold to respondent Kyonni Olawumi, who obtained a 30-year mortgage for the purchase of the property and recorded the warranty deed in Cook County.  At the time of the petitioner's appeal, Olawumi owed approximately $111,000 on the mortgage.

On January 5, 2007, almost five years after the court's judgment for S. I. Boo, the petitioner filed a petition, under section 2-1401 of the Illinois Code of Civil Procedure, to vacate the judgment for the tax deed granted to S. I. Boo, arguing that the failure of the notice served on him on November 2, 2001, to include an address for the Richard J. Daley Center rendered the judgment order

---

[1]The lot was legally described as "Lot 8 in block 150 in Chicago Heights, a Subdivision of parts of Sections 28 and 29, Township 35 North, Range 14, East of the Third Principal Meridian, in Cook County, Illinois."

granting a tax deed to S. I. Boo, void. 735 ILCS 5/2-1401 (West Supp. 2007). Each respondent filed a motion to dismiss, which the circuit court granted on April 26, 2007. On June 22, 2007, the court denied the petitioner's motion to reconsider its ruling. A notice of appeal to this court was filed by the petitioner on July 19, 2007.

ANALYSIS

Jurisdiction is properly before this court. We review *de novo*, the circuit court's dismissal of the section 2-1401 petition. Stahelin v. Forest Preserve District of Du Page County, 376 Ill. App. 3d 765, 771, 877 N.E.2d 1121, 1128 (2007). All well-pleaded facts must be taken as true and any inferences drawn should be drawn in favor of the nonmovant, regardless of whether the motion to dismiss was brought under section 2-615 or 2-619 of the Code of Civil Procedure (735 ILCS 5/2-615, 2-619 (West 2006)). Stahelin, 376 Ill. App. 3d at 771, 877 N.E.2d at 1128; Geick v. Kay, 236 Ill. App. 3d 868, 873-74, 603 N.E.2d 121, 125 (1992).

We first address the issue of whether the circuit court had jurisdiction to render judgment for a tax deed in favor of S. I. Boo on March 10, 2002. The petitioner argues that the circuit court exceeded its authority and lacked the power to enter the tax deed order because the November 2001 notice was defective. Specifically, he argues that the notice failed to strictly comply with the notice requirements of section 22-10 of the Property Tax Code (35 ILCS 200/22-10 (West Supp. 2007)) because it did not specify the exact address for the place of the hearing, thus rendering the tax deed void. Void judgments, he argues, may be attacked at any time. 735 ILCS 5/2-1401(f) (West Supp. 2007); Sarkissian v. Chicago Board of Education, 201 Ill. 2d 95, 104, 776 N.E.2d 195, 201-22 (2002). We disagree with the petitioner's contention.

1-07-1977

Under section 22-10 (notice provision), notice of the sale and the expiration date of the redemption period are required to be given to the owners, occupants or other interested parties before a tax deed may be issued. The notice must include information such as the period of redemption, legal description of the property at issue, and the address at which the hearing is to be held. 35 ILCS 200/22-10 (West Supp. 2007). The statute mandates that the court shall insist on strict compliance with the notice provision. 35 ILCS 200/22-40 (West Supp. 2007). However, no authority exists to deprive the circuit court of jurisdiction simply because the notice was defective.

Tax deed proceedings are *in rem* in nature, rather than *in personam*, and a court acquires jurisdiction after the county collector makes his application for judgment and order of sale. In re Application of County Treasurer, 194 Ill. App. 3d 721, 724, 551 N.E.2d 343, 346 (1990); Wilder v. Finnegan, 267 Ill. App. 3d 422, 425, 642 N.E.2d 496, 499 (1994). The jurisdiction over the land itself grants power to the court to act, and thus, any doubt about the fulfillment of the notice requirements goes to whether the court should order the tax deed issued, not whether the court has jurisdiction in the matter. Wilder, 267 Ill. App. 3d at 425, 642 N.E.2d at 499. Failure to satisfy the criteria of the notice provision will neither divest the court of jurisdiction nor prevent the court from otherwise ruling in issuing an order for tax deed. Wilder, 267 Ill. App. 3d at 425, 642 N.E.2d at 499. The court, however, lacks jurisdiction over a property if the taxes had been paid or the property is tax exempt. In re Application of Cook County Collector, 228 Ill. App. 3d 719, 731, 593 N.E.2d 538, 547 (1991).

Here, the circuit court acquired jurisdiction over the property at issue when the Cook County treasurer made an application for judgment and order of sale. Once the circuit court had jurisdiction,

4

it retained that jurisdiction regardless of whether the notice may have been defective for failing to include the specific street address. There is nothing in the record that shows that the delinquent taxes had been paid to the county or that the property was tax exempt so as to deprive the lower court of its jurisdiction. Thus, once the circuit court acquired jurisdiction over the *in rem* proceeding, it had the power to decide whether to issue the tax deed, and any defects in the notice did not render it void but, at most, voidable. Elliott v. Johnson, 156 Ill. App. 3d 70, 74, 508 N.E.2d 1229, 1232 (1987).

We next determine whether the circuit court erred in ordering a judgment for tax deed in favor of S. I. Boo. The circuit court granted the respondents' motions to dismiss and held:

"(a) The failure to include the street address in the Take Notice does not render the judgment void.

(b) The failure to include the street address on the Take Notice is not a jurisdictional question.

(c) No due process rights of Hammond were violated.

(d) One can only attack the strict compliance of the notice provision of the Property Tax Code within 30 days of entry of the order for tax deed.

(e) Failure to strictly comply with the Take Notice provisions of the Property Tax Code cannot be attacked in a §2-1401 petition."

We may affirm the circuit court's decision on any basis in the record. IMC Global v. Continental Insurance Co., 378 Ill. App. 3d 797, 805, 883 N.E.2d 68, 76-77 (2007). Because the notice was not void, the petitioner's only recourse under section 2-1401 was to bring a direct attack

5

within 30 days of the circuit court's final order, petition for relief within 2 years of the entry of the judgment, or plead fraud. 735 ILCS 5/2-1401(a), (c) (West Supp. 2007); see also 35 ILCS 200/22-45 (3) (West Supp. 2007).

One can only attack the strict compliance of the notice provision within 30 days of entry of the order for tax deed. Smith v. D.R.G., Inc., 63 Ill. 2d 31, 36, 344 N.E.2d 468, 470 (1976) (holding that once a court finds that the required notices have been given, the tax deed order may only be challenged by direct appeal or by a showing of fraud). Here, the petitioner forfeited his right to a direct appeal by not acting within 30 days of the circuit court's judgment and cannot now challenge the deficiencies of the notice almost five years after the entry of the judgment order. We note that the petition also does not seek relief on the grounds of fraud, which tolls the filing period under section 2-1401.

If direct attack on a final judgment or order is not made within 30 days of its entry by the court, the party desiring to challenge the judgment must file a petition to do so no later than 2 years after the entry of the order or judgment. 735 ILCS 5/2-1401(c) (West Supp. 2007). The computation of this two-year period excludes any time that the person seeking relief suffered from a legal disability or duress. Here, the petition was filed almost five years after the entry of judgment for a tax deed in the circuit court. The petitioner does not claim any legal disability or duress that tolled the two-year period so as to make his petition timely.

Due diligence must also be shown in filing a section 2-1401 petition for relief. Due diligence is shown when the "petitioner show[s] that his/her inaction was the result of an excusable mistake and that petitioner acted reasonabl[y], not negligently, [in failing] to pursue the cause of action." Salazar

v. Wiley Sanders Trucking Co., 216 Ill. App. 3d 863, 871, 576 N.E.2d 552, 557-58 (1991). Here, the petitioner failed to demonstrate due diligence in filing the section 2-1401 petition. He waited almost five years before objecting to the judgment for tax deed. Nothing in the record explains why the petitioner waited so long before seeking relief under section 2-1401. It is unclear from the record when the petitioner first became aware or should have become aware of the defective notice of which he now complains. He has not included any affidavits showing that his inaction was the result of an excusable mistake or that he acted reasonably in waiting almost five years to file this petition. Absent such information in the record, we cannot assume that the petitioner's inaction was excusable. Therefore, the petitioner has failed to show due diligence in filing his petition as required by section 2-1401. Accordingly, we agree with the respondents that the petitioner's petition to vacate judgment was untimely and thus, properly dismissed.

We also note that section 22-45 of the Property Tax Code must be read in conjunction with section 2-1401 in governing the petition process for a tax deed. 35 ILCS 200/22-45 (West Supp. 2007). Section 22-45 states that tax deeds are appealable under section 2-1401 "in the same manner and to the same extent as may be had under those Sections with respect to final orders and judgments in other proceedings." 35 ILCS 200/22-45 (West Supp. 2007). The grounds for relief under Section 2-1401 shall be limited to:

"(1) proof that the taxes were paid prior to sale;

(2) proof that the property was exempt from taxation;

(3) proof by clear and convincing evidence that the tax deed

7

had been procured by fraud or deception by the tax purchaser or his or her assignee; or

(4) proof by a person or party holding a recorded ownership or other recorded interest in the property that he or she was not named as a party in the publication notice as set forth in Section 22-20, and that the tax purchaser or his or her assignee did not make a diligent inquiry and effort to serve that person or party with the notices required by Sections 22-10 through 22-30." 35 ILCS 200/22-45 (West Supp. 2007).

The petitioner argues that the circuit court failed to follow the specific language of section 22-45 because nothing in this section limits the applicability of section 2-1401(f) regarding relief from void judgments. Because we have decided that the judgment was not void, we need not address this point any further. We do note, however, that the petitioner failed to identify which of the four grounds of section 2-1401 supports his argument. Therefore, his petition, on its face, was insufficient as a matter of law. Thus, the circuit court properly dismissed it.

We hold that the circuit court did not err in granting the respondents' motions to dismiss the petition to vacate judgment for tax deed entered in 2002 and the judgment was not void.

Affirmed.

KARNEZIS, P.J., and SOUTH, J., concur.